## GROFF *vs.* JONES.

### BOYD and others *vs.* SAME.

### SMITH and others *vs.* SAME.

*A sheriff's sale* was set aside as *fraudulent,* where real estate worth $10,000, was sold to satisfy a judgment of $100, and where the premises were so situated that a portion which would probably have brought more than enough to satisfy the judgment could conveniently have been sold sepa- rately.

February 17.   MOTION to set aside a sale under execution.   The under sheriff of Genesee, on the 7th August, 1830, having in his hands *three* executions against the defendant, sold a lot of land containing 20 acres, on which were erected a flouring mill, saw mill, distillery, store, two frame houses, two barns and out-houses, worth $10,000, for about the sum of $2646.   *One* execution was in favor of *Groff,* on which there was a bal- ance due of about $100, issued on a judgment obtained in 1820, the execution in which was delivered to the sheriff 31st May, 1830.   The *second* execution was in favor of *Smith and others,* on which the sheriff was directed to levy $2375, issued on a judgment obtained 21st June, 1830, the execution on which was delivered to the sheriff on the day

of the rendition of the judgment; and the *third* execution was in favor of *Boyd and others*, on which the sheriff was directed to levy $6984,10, issued on a judgment obtained 9th July, 1829, the execution in which was delivered 6th July, 1830. The property was advertised to be sold under the execution of *Groff* and the execution in favor of *Smith and others*. Immediately after the sale, the purchaser, who bought in the premises for *Smith and others*, paid the purchase money to the under-sheriff, who, after deducting the amount of *Groff's* execution, paid, by the direction of the defendant, the *surplus* to *Smith and others*, plaintiffs in the second execution.

*Boyd and others*, the plaintiffs in the third execution, but whose judgment is prior to the judgment of *Smith and others*, now ask for a rule to *set aside the sale* of the defendant's property; or that the sheriff *pay over the surplus* to them, or for such relief as the court shall see fit to grant. They show that the premises sold were worth, at the time of the sale, $10,000; that a portion of the 20 acre lot, containing about one and a half acres, is so situated that it might have been conveniently sold separate from the residue of the premises, it being divided from the residue by a road, and lying in a corner of the 20 acre lot; that on it is a farm house, a barn and a store, and that this portion of 1½ acres, with the buildings thereon, is worth $500, which is not denied on the other side.

*J. C. Spencer*, for Boyd and others.

*M. T. Reynolds*, for the other creditors.

*By the Court*, SUTHERLAND, J. The legislature have enacted that no more of any real estate shall be exposed for sale than shall appear necessary to satisfy an execution issued upon a judgment. 2 *R. S.* 369, § 38. This provision can be considered only as directory to the sheriff, and the sale to a *bona fide* purchaser must be holden to be valid, although the requirements of the statute are not complied with. The only effect, when the purchase is *bona fide*, is to subject the sheriff to the penalty prescribed; but where the pur-

chase is not *bona fide,* the sale will be set aside.  Here real estate worth *ten thousand dollars* was sold to satisfy a debt of *one hundred dollars,* and the property was so situated that a portion of it could have been conveniently sold separately, and would probably have brought a sum at public vendue more than sufficient to satisfy the older judgment ; still the sheriff proceeded and sold the whole *en masse,* and it was bought in by *junior* judgment creditors, to whom the surplus of the purchase money was paid by the officer, by the direction of the defendant in the executions.  We do not hesitate to pronounce this sale fraudulent, and to grant relief to the creditors who have been injured.  It is not necessary to send them *to a court of equity ;* we therefore order that the sale be set aside, upon the plaintiffs in the second judgment paying to the plaintiff in the first judgment the amount due *to* him, they receiving an assignment of such judgment ; and if there be a refusal to execute such assignment, then that the sale be set aside absolutely.