# SUPREME COURT.

## AMES and others agt. LOCKWOOD.

A *sheriff's sale* of real estate will be set aside in favor of a judgment-creditor, where it appears he has been misled by the conduct of the sheriff or his deputies, who had the execution—especially where the property has been sacrificed.

The sale of separate parcels of real estate together as one parcel, is always sufficient cause for setting aside the sale.

*Montgomery Circuit, Nov.*, 1856.

MOTION to set aside sheriff's sale, by plaintiffs, who recovered, in this action against defendant, a judgment for $651.53.

The real estate sold was situated in the city of Brooklyn, and consisted of several city lots, and of two separate parcels not connected with, or contiguous to each other; and the whole was sold together as one parcel, and bid off for $38. The property was worth $8,000.

The plaintiffs are judgment-creditors of defendant. The attorneys of the former issued an execution on the judgment to the sheriff, and subsequently stated to him, in a letter, that they desired to give all requisite attention to the execution, and would come to Brooklyn at any time, if necessary, for that purpose. The sheriff's deputy acknowledged the receipt of such letter, and stated, in his reply thereto, "that he would see them (the attorneys) again soon."

The property was subsequently sold by another deputy of the sheriff on the 3d May, 1856, without any previous notice of the sale to the plaintiffs' attorneys, for $38, to one W. H. Keith.

Mr. Taber, one of the attorneys of the plaintiffs, swears that had they not relied upon receiving notice from the sheriff, they would have attended the sale, and either bid to the full amount of the judgment, interest and costs, or have directed the execution to be returned unsatisfied.

Defendant has little or no property, except the real estate sold on such execution, and the plaintiffs will lose the amount due on their judgment unless the sale is opened or set aside. The defendant, a few days before the docketing of the judgment, and after the cause was noticed for trial, conveyed such real estate to his daughter without consideration. The purchaser swears that he purchased the premises in good faith; but it appears that at the time of the sale the defendant was in his employ, or was, secretly, his partner in business. The attorney of the plaintiffs, on the 21st Oct., 1856, offered to pay Keith the said sum of $38, and interest since the sale, which he declined to receive.

CLARK B. COCHRAN, *for plaintiffs*.
RICHARD H. CUSHNEY, *for the purchaser and the defendant*.

PAIGE, Justice. The plaintiffs are entitled to have the sale set aside. Their attorneys were misled by the letter of the sheriff's deputy, who stated therein that he would see them again in respect to the execution. They had reason to rely on this assurance that they would receive notice in case their attendance at the sale was necessary to protect the interests of their clients. They were prevented from attending and bidding at the sale by this promise or assurance of the sheriff's deputy, to give them notice of the sale. This alone is a sufficient cause for setting aside the sale, as the property has been sacrificed. The conduct of the deputy produced surprise upon the plaintiffs' attorneys, and evidently misled them. The case comes clearly within the decision in *Collier* agt. *Whipple*, (13 *Wend.* 224, 228, 230.)

The sale of the separate parcels of the real estate together as one parcel, is always sufficient cause for setting aside the sale. Parties interested in a sheriff's sale have a right to expect that the property will be put up and sold in the usual manner, and in accordance with the requirements of law; and if it appears that the property has been sacrificed by the neglect of the sheriff to comply with such requirements in respect to

the sale, the parties injured are entitled to a resale; or to such other relief as can be given without doing injustice to *bona fide* purchasers at the sale. (9 *Paige*, 259; 2 *id*. 339, 100; 26 *Wend*. 143; 3 *John. Ch.* 424; 10 *Paige*, 243, 487; 6 *Wendell*, 522; 18 *id*. 611.)

Keith, the purchaser, swears that he purchased the premises fairly, and without collusion with any one. The fact, however, that the defendant was, at the time of the sale, either in the employ of Keith or his partner in business, connected with the voluntary conveyance of the former to his daughter, evidently with the intent to defraud the plaintiffs, is calculated to cast suspicion upon the good faith of the purchase by Keith.

The sale must be set aside; but it must be set aside only upon the condition that the plaintiffs repay to Keith $38, the amount of his bid paid to the sheriff, with interest thereon since the sale, and also $7 costs of opposing this motion.