## ELIZABETH VANDUYNE *vs.* ALFRED VANDUYNE and others.

1. Whether the execution commands the sheriff to sell *so much* of the premises as may be necessary to satisfy the decree, or to raise the *sum required* out of the premises, the duty imposed upon him, as to the quantity of land to be sold, is the same. His duty, in either event, is to sell only *so much* of the premises as may be necessary to satisfy the requirements of the execution, provided such portion can be conveniently and reasonably detached from the residue of the property.

2. A mere error of judgment, or mistaken exercise of discretion, by the sheriff, in the absence of fraud or unfairness in the sale, affords no ground for the interference of the court.

3. A judicial sale will not be interfered with, when the party seeking relief has been guilty of *laches* in the pursuit of his remedy.

4. Motion denied without costs, the applicant acting in behalf of minors.

On petition to set aside a sheriff's sale.

*Vanatta,* for the petitioner.

*Runyon,* for purchaser, contra, cited *Parkhurst* v. *Cory,* 3 *Stockt.* 234.

THE CHANCELLOR. The defendant applies to set aside a sale of real estate, made by the sheriff of the county of Morris, by virtue of an execution issued out of this court.

1. The first ground relied upon is, that the sheriff, by virtue of the execution, was required and authorized to sell only *so much* of the premises as was necessary to satisfy the amount due upon the execution : whereas, he sold the whole premises for a sum far exceeding that amount.

Where the execution commands the sheriff to sell *so much* of the premises as may be necessary to satisfy the decree, it imposes no different duty upon the officer as to the quantity of land to be sold, than if it had commanded him to raise the sum required out of the premises. His duty, in either event, is to sell only so much of the premises as may be necessary to satisfy the requirement of the execution, provided such portion can be conveniently and reasonably detached from the residue of the property. *Tiernan* v. *Wilson,* 6 *Johns. Ch. R.* 414; *Merwin* v. *Smith,* 1 *Green's Ch. R.* 196; *Coxe* v. *Halsted, Ibid.* 311; *Parkhurst* v. *Cory,* 3 *Stockt.* 233; *Groff* v. *Jones,* 6 *Wend.* 522.

2. It is urged that the execution might have been satisfied by the sale of a part of the premises, without prejudice to the remainder, and that the conduct of the sheriff in making sale of the whole premises, amounted to an abuse of trust. The premises to be sold consisted of a small farm of about thirty-eight and a half acres, and a timber lot of about eleven acres and a half, separate from the farm. On the day of sale, the defendant, Alfred Vanduyne, requested the sheriff to sell the wood lot and about eleven acres and three quarters of the farm land, leaving twenty-six acres and three quarters, upon which are all the buildings on the premises, unsold. The allegation of the defendant is, that the land thus requested to be sold in separate parcels would have brought more than sufficient to satisfy the execution,

and that the land would have sold more advantageously in parcels than in the mode adopted by the sheriff. The allegation is not sustained by the evidence. It rests exclusively upon the *ex parte* affidavit of the defendant, Alfred Vanduyne, unsupported by the testimony of any other witness. He says that he would himself have given forty dollars per acre for the lots thus designated and requested to be sold, rather than that they should have been sold for less; and that other persons at the sale told him that they would have given forty dollars per acre for them if sold separately. He does not, however, state that he would pay that price upon a resale of the property, nor does he pretend that he, or that any other person at the sale, intimated to the sheriff his willingness to purchase at the price designated in his affidavit. The sheriff, on the other hand, states, that when the request was made to sell the land in parcels, the solicitor of the complainant objected, on the ground that a sale in that mode would be prejudicial to the interests of the complainant. That he thereupon adjourned the sale, and satisfied himself by examination and inquiry that the property would be injured by selling it in the mode proposed. That he thereupon sold the premises together, believing, as he still believes, that method of sale to be most for the interest of all parties interested therein. In confirmation of his views, the sheriff states that the part proposed to be separated from the farm was remote from the public road, with no means of access to it from the highway except over the other portion of the tract, which he properly supposed he had no authority to guaranty to the purchaser. I think the weight of the testimony is, that the sheriff exercised his discretion wisely, and that the premises were sold to the best advantage. But if the fact were otherwise, there is clearly no ground upon which this court can interfere with the discretion exercised by the sheriff in making the sale. There is no imputation upon his integrity, or against the fairness of the sale. It is difficult to resist the impression created by the evidence, that the application of the de-

fendant was prompted rather from a desire to delay the sale, than from any well founded expectation that the interest of the parties interested would be promoted by a resale. There is another ground upon which this sale ought not to be interfered ·with. The sale was made on the twenty-sixth of January. The deed was to have been delivered on the ninth of February. No intimation was given at the time of sale that the sale would be contested. The defendant rested, without taking any step, until there was barely time to procure an order of the court to restrain the delivery of the deed. Meanwhile the purchaser was permitted to borrow money and make all his arrangements for the completion of the purchase. No notice was given him of any objection to the sale, until he appeared at the time and place designated to receive his title, when he was informed that the sheriff was restrained from delivering the deed. He is not then furnished with the evidence upon which his right to receive a title for the premises is resisted, nor is the evidence furnished until too late for the purchaser to prepare to resist the application on the day originally designated for the hearing. It is no excuse for this delay, that the defendants' counsel was from home. He might have been corresponded with, or other counsel procured.

The purchaser of these premises has acted in entire good faith. He had no connection with the parties, or with the subject matter of the controversy in the cause, but attended the sale for the purpose of purchasing a farm for his own occupation, after he had sold his own. He has made his arrangements to complete the purchase and take immediate possession of the farm. As a measure of public policy, it is of the utmost importance that a person thus purchasing at a sheriff's sale should not be drawn into controversy, or have his rights as a purchaser impugned for matters over which he has no control, and for which he is in no wise responsible, except upon the most cogent necessity for the protection of the rights of others. If purchasers at judicial sales come to understand that they purchase with the hazard of litigation,

founded on an error of judgment or a mistaken exercise of discretion by the sheriff, it will unavoidably tend to deter persons from bidding, and operate detrimentally upon the rights of all parties interested.

A stronger case would have been presented for the interference of the court, if the complainant had had no interest in the premises after the satisfaction of the execution. But they are charged with her support and maintenance during life. Another year's annuity is already due. If a portion of the premises had been sold, as proposed by the defendant, and had proved sufficient to satisfy the amount due on the execution, the residue of the premises must have been again advertised, and the expense of another sale incurred to meet the accruing claims of the complainant. The complainant was interested, as well as the defendants, in having the sale made in the most advantageous manner. In every aspect of the case, I am satisfied that the sale was fairly made, in the manner most for the interest of all parties concerned.

The application must be denied, the rule to show cause be discharged, and the sheriff directed forthwith to deliver the deed to the purchaser on his complying with the terms of sale. As the defendant represents the interests of minors, the order is made without costs to either party as against the other.