FREDERICK, appellant, v. WHEELOCK, sheriff, etc.

*Execution— sale under —postponement before day of sale.*

A sheriff, who had noticed a sale under an execution, on the day before the sale was to take place posted notices of postponement to a future day in the places where the original notices were. Subsequently, on the same day, he took down the postponement notices and held the sale on the day originally noticed. *Held* (following *Jackson* v. *Clark*, 7 Johns. 217), that the sale was irregular and void, and the sheriff liable to the execution debtor for such wrongful act.

If a postponement of a sale of personal property under execution is made before the day of sale it must be treated as a new notice, and must be for six days.

APPEAL from a judgment of nonsuit in an action tried at Jefferson circuit June 16, 1873, before Mr. Justice MORGAN and a jury.

In the fall of 1871, several executions were issued to the defendant, Addison W. Wheelock, as sheriff of Jefferson county, commanding him to seize and sell the personal property of the plaintiff, David F. Frederick, to satisfy said executions. The executions were delivered to one Heman Morgan, a deputy of said sheriff, who by virtue thereof levied upon certain cows and other personal property of the plaintiff and advertised the same for sale at the house of said plaintiff, in the town of Alexandria in said county, on the 27th of November, 1871, at ten o'clock in the forenoon. Said notice was dated the 21st of November, 1871.

Notices of such sale were posted at three public places in said town. By subsequent notices, posted at the places where the first notices were, the sale was postponed from time to time, and by a notice dated the 20th of December, 1871, it was again postponed until the 9th day of January, 1872, at the same place and time of day named in the original notice.

On the 8th of January, 1872, Morgan, the deputy sheriff, sent one Ramsdell, by mail, notices of postponement, with directions to post the same at the same place as the previous notices. Ramsdell received and posted said notices, which postponed said sale until the 17th of January, at the same place and time of day. .

In the evening of the same day (the 8th of January) Morgan, the deputy sheriff, took down the notices of the postponement of the

sale until the 17th of January, and on the next day, the 9th, and the day following, the 10th of January, he sold at public auction the property so as aforesaid levied on by him and delivered the same to the purchasers. The sale the plaintiff insists was illegal and void, and he brings this action to recover for the value of the property so sold.

The sale is claimed to be illegal, being made after the time had been postponed. This postponement the defendant insists could not be made before the day of sale, and hence it was not postponed and the sale on the 9th in pursuance of the postponement was legal and valid.

The court nonsuited the plaintiff, and from that judgment the plaintiff appeals.

*N. Whiting*, for appellant.

*N. Vickery*, for respondent.

MULLIN, P. J. It is provided by statute (3 R. S. [5th ed.] 645, § 21) that no sale of any goods or chattels shall be made by virtue of any execution, unless previous notice of such sale shall have been given six days successively by fastening up written or printed notices thereof in three public places of the town where such sale is to be had, specifying the time and place where the same is intended to be had.

By section 37 (3 R. S. [5th ed.] 648) it is provided that no personal property shall be exposed for sale unless the same be present and within the view of those attending such sale. It shall be offered for sale in such lots and parcels as shall be calculated to bring the highest price.

Section 50 (3 R. S. [5th ed.] 650) provides that the sale of real estate, or of any personal property, by virtue of any execution, shall be at public vendue between the hours of nine o'clock in the morning and the setting of the sun, and section 54 (3 R. S. [5th ed.] 651) provides that the omission of any sheriff or other officer to give the notice of sale herein required, or the taking down or defacing of such notice when put up, shall not affect the validity of any sale made to a purchaser in good faith, without notice of any such omission or offense.

The violation of either of the other provisions of the statute

above recited render the sale void and the sheriff liable for the value of the property sold. *Cresson* v. *Stout*, 17 Johns. 116; *Corneck* v. *Myers*, 14 Barb. 9; *Warring* v. *Loomis*, 4 id. 484; *Sheldon* v. *Soper*, 14 Johns. 352; *Breese* v. *Bange*, 2 E. D. Smith, 474.

When the officer selling the property is guilty of any irregularity other than those specified in the statute, the sale is not void, and the title will vest in the purchaser, but the sheriff will be personally liable for such damages as either the debtor or the creditor, whose execution he holds, may sustain thereby. *Jackson* v. *Clark*, 7 Johns. 217. The court may, upon motion, relieve the party injured by the neglect or misconduct of the officer. *Graff* v. *Jones*, 6 Wend. 522.

The power of an officer holding an execution to postpone a sale of property levied upon by virtue of it is too well settled to be questioned. An irregularity in such postponement does not vitiate the sale unless the officer was guilty of fraud in respect to it, and even then the sale would not be void as to a *bona fide* purchaser without notice of the fraud.

A postponement to be regular should be made at the time and place of sale. The object to be attained in allowing the postponement is to prevent a sacrifice of the property when the officer ascertains that a fair price cannot be obtained by reason of the absence of bidders or other cause. Ordinarily this can only be ascertained at the time and place of sale.

If an officer was at liberty to postpone a sale before the day designated for that purpose, a door would be opened for the perpetration of fraud upon either the debtor or the creditor by concealing from them the fact of postponement, enabling speculators to acquire title to the property at much less than it is worth.

I can find but one case in which the power to postpone before the day appointed for the sale was considered, and that is the case of *Jackson* v. *Clark*, 7 Johns. 217. In that case the mortgaged premises were advertised for sale on the 12th of August, 1806. On tne 16th of June, of that year, a postponement was begun to be published underneath the original notice until the 3d of September. Notice of this postponement was not posted upon the courthouse, and it was so far disregarded that the sale took place on the day designated in the original notice.

SPENCER, J., in delivering the opinion of the court, says: " I can perceive no objection to the postponement of a sale under a mortgage on the day and at the place of sale, provided that there is the

same notice given which the act requires in the first instance." The learned judge then proceeds: "Whether there could be a postponement before the day of sale, unless upon six months' notice, as the act directs, is one question, but it is a different question whether after a public notice of a postponement by the mortgagee he could proceed to sell at the time first appointed, disregarding wholly the postponement." If there was a sale by a sheriff the law would protect the purchaser and hold the sale valid, but in case of an insufficient notice it would punish the officer.

The court held the sale irregular and void; the mortgagee, after publicly postponing the sale, which was a thing wholly under his control, was bound by it and could not so far disregard it as to proceed upon the original notice.

Without assuming to decide whether a sale may be postponed before the day appointed for that purpose, I think it may be held upon the case cited that if a sale is postponed before the day of sale, a sale made upon the day designated in the original notice of sale, or in any prior notice of postponement, is irregular and void.

The officer who sells in disregard of such postponement is liable to the party injured for such damages as he has sustained by the wrongful act of such officer.

If a postponement is made before the day of sale, it must be treated as a new notice — an abandonment of the prior notice of sale, and as a new notice, of course, must be for six days.

The nonsuit is erroneous and must be set aside and a new trial granted, costs to abide event.

*New trial granted.*