Monell, Ch. J.
From an examination of the question which presented itself to me on the argument of the motion, I am satisfied that the court has the power to entertain a motion to set aside a sale by a sheriff of personal property under an execution. The power was and is constantly exercised by courts of equity, to avoid sales of real property (1 Barb. Ch. Pr. 538; Kellogg v. Howell, 62 Barb. 380), and, in some reported cases, it has been exercised by courts of law to avoid sales of personal property (1 Burr. Pr. 300 ; Bixby v. Mead, 18 Wend. 611). The power is recognized in the following cases (Davis v. Tiffany, 1 Hill, 643; Ames v. Lockwood, 13 How. Pr. 555 ; Richards v. Varnum, 8 Id. 79). Ih all the cases in which the motion has been de nied, it was in the exercise of the discretion of the court and not for the want of power (Meyers v. Kelsey, 19 J. R. 197; Adams v. Elliott, 1 How. Pr. 239). When there are sufficient grounds, therefore, and it does not appear that any substantial right will be prejudiced by a summary examination, a motion is a proper proceeding.
*55 In this case there has been only a mere technical payment of the bid, and the check given by the purchaser remains in the sheriff’s hands. The sale as conducted by the sheriff, was, I think, a violation of the statute in two particulars.
First. A large portion of the property was not present and within view of those attending the sale (3 JR. 8. 367, § 33); and
Second. It was not sold in lots and parcels (lb.)
The interest of the defendant was not that of a pledgor / and, therefore, the sale was not justified by section 30 of the same statute under which the case of Tift v. Barton (4 Denio, 171), was decided.
The sale should have been in such lots and parcels as was calculated to bring the highest price, subject to •Jaffray’s right of possession.
By the sale, the purchaser became the absolute owner of the property subject only to its being used by the tenant for less than two years.
It is very clear that the manner of selling prevented competition, and grossly sacrificed the property.
The purchaser obtained property worth thirty thousand dollars for eight hundred and fifty, and he now claims also to be entitled to the rent of it.
A sale, such as this, ought not to be allowed to stand.
The motion is granted, setting aside the sale. The order must direct the sheriff to restore to the purchaser his bid.