William and Mary Hopton *v.* James T. Swan.

1. Practice — Process — Officers — Power of Court over Them.— The general rule is, that it is inherent power in a court to control its process and officers. When justice demands, it may quash the process or set aside a sale for fraud, made by its officer under a legal process. Nilson v. Brown, 23 Mo., 19. But this power is limited to the return term of the writ. After that the remedy is in equity.

2. Same — Same — Proper Grounds for Court of Law to Set Aside a Sale.— Any irregularity of the officer making the sale, or of the plaintiff, or of either party, whereby competition was prevented at the sale, or gross inadequacy of price in connection with other circumstances, will be grounds for setting aside the sale. Rorer on Jud. Sales, § 855.

3. Same — Same — How Sales Set Aside by a Court of Law.— The party injured can have relief by a summary application to the court under whose authority the officer acts, or through the medium of a court of equity. A motion, to the court from which the process issued, to quash the execution and set aside the sale to the plaintiff, will be sustained in proper cases. Upon the hearing of such motions the court can admit evidence, or if demanded, a jury trial may be had; if not the party will be considered as having waived it.

35

ERROR to the Circuit Court of Lincoln County. Hon. JAS. M. SMILEY, Judge.

The appellee, James T. Swan, filed a petition in the circuit court of Lincoln county, to enforce a mechanic's lien upon the property of appellants. At the trial of the petition, appellee obtained a judgment of seventy-five dollars against appellants. *Venditioni exponas* issued and sale was made by the sheriff of the buildings and three hundred and twenty acres of land belonging to appellants. Said property was worth at the time of the sale about $8,000. At the sale the appellee plaintiff in execution became the purchaser for $30.00.

Appellants had no actual knowledge of the sale and were garnisheed at the time by a creditor of appellee, and had given notice to the sheriff that they were ready and willing to pay whoever was entitled to receive the amount of the judgment against them.

At the return term, appellants moved to quash the execution and set aside the sale. This motion was overruled, and appellants appeal to this court and assign as error the overruling of the motion to quash the execution and set aside the sale.

*Chrisman & Thompson*, for appellants, contended that the circuit court has jurisdiction to grant relief, and cited in support of this, 18 Wend., 611; 12 Wend., 253; 2 Wend., 260; 16 Wend., 4; 10 S. & M., 58. The plaintiff in execution being the purchaser at the sale, is not an innocent purchaser. Parker v. Foy et al., 43 Miss., 266.

The quashal of the execution *ipso facto*, vacates the sale. 1 Cowen, 640; Bacon's Abrdgt., title Error, vol. 3, p. 290.

The sale of all the land in one lot was violative of the organic law, and makes the sale absolutely void. Art. 12, sec. 18 of Const.

The judgment was paid at the time of the sale, and the officer was obliged to pay over the money to the judgment creditor. 15 Johns., 446; 7 Ills., 425.

There was gross abuse of the final process, and it is inequitable

and unconscientious. Sheriff's sale will be set aside for gross inadequacy of price. 1 Johns., Ch. R., 502; 6 Ills., 411; 4 Ills., 118; 18 Wend., 611.

*Hiram Cassedy, Jr,* for appellees, contended that the circuit court had no power to quash a *venditioni exponas* or to set aside the sale after the sheriff had executed a deed to the purchaser, and cited Code of 1871, § 854. If there is fraud in a sale made by a sheriff under execution, such sale cannot be set aside by a court of law. The remedy, if any, is in equity.

A purchaser at a sheriff's sale who pays his bid, is not affected by a subsequent reversal of the judgment under which the sale was made. Natches Ins. Co. v. Helm, 13 S. & M., 182. Nor will the quashal of an execution vitiate a sale previously made under it. So a sale made under a voidable execution is good. Doe v. Snyder, 3 How., 66; Doe ex dem. Starke v. Gildart, et al., 4 How., 267.

SIMRALL, J., delivered the opinion of the court.

This record discloses a most oppressive and fraudulent use and abuse of the final process of the court by Swan, the judgment creditor.

Swan had recovered a judgment against Hopson and wife for seventy-five dollars, which condemned a certain building, being a dwelling house, and the premises upon which it was erected, containing 320 acres, to sale. The gravamen of the suit was a mechanic's lien. A special execution pursuant to the judgment was issued, under which the sheriff sold the entire 320 acres of land. Whether it was offered for sale in a body or in subdivisions of the section, does not clearly appear. Swan, the plaintiff in the writ, urged the sale to be made, and bought in the property for thirty dollars. It was shown at the hearing of the motion to quash the execution and set aside the sale, that Hopson and wife, before the sale, paid to the sheriff at one time $119, and at another, $11. It was also proved that Hopson and wife had been

garnisheed as the debtors of Swan, by D. W. Hurst, and upon their answer of an indebtedness of $75 to Swan, had been condemned to pay it to Hurst. It was further shown, that there was a pending dispute and negotiation between the parties, as to the rights of Swan and Hurst against Hopkins and wife, and that the latter were willing and proposed to pay Swan any balance, if he would indemnify against Hurst. That action under the judgment had been suspended by reason of these unsettled and conflicting claims; and that Swan, without notice to Hopson and wife, and in their absence, induced the sheriff to sell the entire premises of 320 acres, with a water tank and fixtures to supply water to the locomotives of the N. O., J. & G. N. R. R., Co., with a grist mill and dwelling house thereon worth, in the opinion of witnesses, $8,000. It would be shocking to conscience if Swan should, in such circumstances, be permitted to hold and enjoy this large and valuable property, because there was no power in the circuit court to control the execution of its own process.

That was the ground upon which the circuit court overruled the motion, as recited in its judgment.

The general rule is, that it is inherent power in a court to control and regulate its process. When justice and fair honest dealing demand, it may quash the process itself, or may set aside a sale under it. In Drane & Smelser v. Henderson, 15 Ala. Rep., 423, it is declared that a court of law is fully competent to control the acts of its officers and set aside sales made by them under legal process, if there has been fraud in the sale, etc. Nilson v. Brown, 23 Mo., 19, affirms the same principle, but limits (as we think properly), the right of the court of law to set aside proceedings under the writ to the return term. After that the aggrieved party should more appropriately seek redress in a court of chancery.

The authorities lay down the doctrine to the extent that any irregularity of the officer making the sale, or of the plaintiff, or those who represent him, or of either party, whereby competition

was prevented at the sale, Jones v. R. R. Co., 32 N. H., 544, or for such gross inadequacy of price as to shock the moral sense, especially in connection with other circumstances of unfairness and hardship, Rorer on Ind. Sales, p. 290, § 855, will be ground to set aside the sale.   See also McLain County Bank v. Flagg, 31 Ill., 295 ; Cummings' Appeal, 23 Penn. St., 509.

In Saul v. Dawson, 3 Wils., 49, the plaintiff in ejectmeet recovered five-eighths of a cottage, under the writ of *habere facias possessionem ;* the sheriff turned the tenant out of the possession of the whole.   But the court made a rule upon the sheriff and the lessor of plaintiff, to restore three-eighths to the tenant.

In Ryerson v. Nicholson, 2 Yates Rep., 516, the sale of lands under a *fieri facias,* was set aside, because the sheriff sold several distinct parcels together.   The power of the court was considered, and the right to interfere in this summary way, was admitted. So also are the cases of Friedly v. Scheetz, 9 S. & R., 162, and Rowley v. Brown, 1 Binney R., 61.

In considering the power to give redress upon motion, in Jackson v. Roberts, 7 Wend. Rep., 88, the court say, "the party injured can have relief by a summary application to the court, under whose authority the officer acts, or through the medium of a court of equity.   Instances of such relief by motion, are Ontario Bank v. Lansing, 2 Wend., 260, and Groff v. Jones, 6 Wend., 522 ; Arnott & Copper v. Nicholls, 1 Harr. & John., 471 ; Nesbit v. Dallam, 7 Gill. & John., 512.   In Kentucky there was a statute authorizing the court, on motion, to set aside sale under process, for sundry causes, named in the statute ; the court of appeals of that state, has not construed the "act," as conferring a jurisdiction in the special circumstances, and as impliedly inhibiting motions for other good causes, not embraced in it ; but have set aside sales for various other reasons, as in Carlile v. Carlile, 7 J. J. Marshall, 625, where the sheriff announced a greater amount due than was really due by the execution ; and Stockton v. Owings, Litt. Select Cases, 256, for inadequacy of price, and other circumstances.

Our books abound with cases upon motions to quash executions and forthcoming bonds, at the return term.    In Munn v. Nichols, 1 S. & M., 259, it was not questioned that a motion could be made upon proper notice to set aside a return of satisfaction, and award another execution.    So, upon notice of the motion, an execution may be entered satisfied.    Planters' Bank v. Spencer, 3 S. & M., 313; Haley v. Williams, 8 S. & M., 487.

In Flourno v. Smith, 3 How., 64, the power of the court upon motion to set aside a sale, was denied, because such inquiries involve an examination of facts, proved to the court; violates that provision of the constitution guarantying trial by jury. This judgment is not placed upon any special or exceptional ground; but upon the incompetency of a court of law to entertain the motion, because the facts can only be found by a jury.

In the later case of Lewis v. Garrett, 5 How., 454-5-6-7, the same objection was pressed, where a motion under the statute had been made against the sheriff and his sureties for a failure to return an execution.    The argument was especially pressed in behalf of the sureties, that a heavy judgment could not be rendered thus summarily against them, for a breach of the bond without trial by jury, to find the fact that a breach had been committed, and to assess the damages.    But the court held that at common law, the officer was amenable to the court for his acts done under its process, and that the jury trial was only assured according to its use, at the common law; and, moreover, the parties not having claimed it in the circuit court were to be considered as having waived it.    And on that point referred to Bank of Columbia v. Okely, 4 Wheat., 240, which brought into review the 14th section of the charter of the bank; which was in effect, that for default made in the payment of notes, bills or bonds, negotiable at the bank; upon notice given, the note or bond might be filed with the clerk of a certain court with the notices of demand of payment, etc., with application for a writ of *capias ad respondendum, fieri facias,* * * * on which the debt and costs might be levied,

on a motion to quash the *fi. fa.* This section of the charter was sustained, upon the ground that the debtors had *waived* their *right* to the trial by jury.

In the case of Planters' Bank v. Spencer, 3 S. & M., 314 (already cited), the same objection was made. But to that the court responded : "A court has always power to prevent an abuse of process. And there are many questions which may be decided by the court in a summary way, and in such cases, it usually has power to hear evidence on which to found its judgment."

The right of the court to hear evidence, in support of motions, has been so often recognized in practice, that there has been a departure from the reasoning and rule laid down in 3 How., fully and authoritively established. If demanded in a proper case, the facts would be referred to a jury. But unless asked for, the party will be considered as having waived.

We feel constrained by authority to affirm that the power does exist in the circuit court, at the return term of its process, to correct any oppressive and unjust use or abuse of it, to the prejudice of the parties thereto, and to set aside the sale rule to the plaintiff.

We think that in this case the plaintiff in error was entitled to the redress he sought.

The judgment of the circuit court is reversed, and judgment here, setting aside the proceedings of the officer under the execution.