## E. J. HALL *v.* D. W. MOORE.

EXECUTION SALE. *Setting aside. Return term. Power of court.*
   The power of the circuit court to set aside, for fraud or other cause, a sale under execution is confined to the return term thereof. After that relief can only be had in equity. *Hopson* v. *Swan*, 50 Miss. 545.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

This was a motion in the circuit court by appellant, a judgment debtor, to vacate a sale of certain land belonging to her, sold to appellee at execution sale under a judgment rendered in that court.

In her motion she alleged that the execution was issued and the land sold in pursuance of a fraudulent scheme on the part of appellee to take advantage of her temporary absence from the county and thus to buy it at a nominal price; that she had an understanding with the judgment creditor that no steps would be taken to enforce the judgment, and that appellee, being unable to gain control

of the judgment, purchased from the officers of court so much thereof as represented their costs and had execution issued therefor; that she was abundantly able to pay the judgment, and that the land, worth $750, was sold for $25, and at a time when appellee knew she was necessarily absent and in ignorance of the proceedings. The motion was supported by the testimony of appellant. Appellee objected to the motion, that it was not filed at the return term of the execution; and this objection was sustained and the motion denied.

*Hooker & Wilson,* for appellant.

In the case of *Hopson* v. *Swan,* 50 Miss. 145, the court *arguendo* said that an execution sale could only be vacated by the circuit court at the return term of the execution. But the utterance is *dictum.* The only point involved was the power of the court to set aside sales. The *time* of the application was not involved.

The question here must be settled by common law rules. The power to order a resale is inherent in courts of law as well as those of equity. 31 Ill. 295. A resale may be ordered "at discretion." Rorer on Jud. Sales, § 850, and cases cited; Herman on Executions, .406. The reasonable rule is laid down by the Alabama court, that a resale may be ordered at any time before the purchaser obtains possession. Freeman on Executions, § 307; 9 Ala. 260; 10 Ib. 293. In the case at bar no rights of third parties had intervened.

*Noel & Tackett,* for appellee.

The right of a court of law to set aside an execution sale is limited to the return term. *Hopson* v. *Swan,* 50 Miss. 545. After that the aggrieved party must resort to equity.

CAMPBELL, J., delivered the opinion of the court.

We regret that the state of the law is such as to deny relief to the appellant, who seems to have been greatly wronged; but it was decided in *Hopson* v. *Swan,* 50 Miss. 545, that the power of a circuit court to afford such relief is confined to the return term of the execution, after which relief can be had only in a court of chancery.

We do not see why this should be so, but, unable to find anything satisfactory on the subject in the books we have carefully searched for the purpose, we do not feel disposed to depart from the rule announced in the case cited. As long as two sets of courts are maintained to do what one might do as well, the established rules as to the line of division between them, where happily they can be traced as in this case, must be respected.

*Affirmed.*