## H. A. BUSICK *v.* J. R. WATSON ET AL.

EXECUTION SALE. *Fraud. Inadequacy of price. Motion to vacate.*

> Where, after suit but before judgment, defendants furnished plaintiff's attorney collateral security largely in excess of the debt, and supposed the suit was abandoned, and, after judgment, although one defendant owned property in the county, no effort to enforce it was made for a year, when, without the knowledge of defendants, or even of plaintiff's attorneys, execution was sent to a distant county and valuable personal property was sold at a grossly inadequate price, though to a third person, it was proper to sustain defendants' motion in the court rendering the judgment to vacate the sale.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

Motion to vacate a sale under execution. In August, 1892, the Watertown Steam Engine Company brought an action in the circuit court of Holmes county against J. C. Pinkerton and J. R. Watson to recover the balance due on a note payable to the Kingsland & Douglas Manufacturing Company, transferred to plaintiffs. The note was for part of the purchase money of certain machinery, and was signed by Pinkerton, as principal, and Watson, as surety, the balance due being about $700. Pinkerton, who, as between himself and Watson, had assumed the payment of the debt, learning from the officer that he held a summons and also a writ of seizure for the machinery, went to the attorneys for plaintiff and placed in their hands collateral security of the estimated value of $1,300, for the protection of plaintiff. The security was accepted, and a receipt given for the collateral notes.

Both defendants deny having any recollection that the summons was served on them, though they admit that the deputy sheriff came to them with the summons, and that officer testified

in support of his return, which showed personal service and waiver of copy. The officer further testified that Pinkerton requested him not to serve the writ of seizure, as he would at once secure the debt with collateral; and the writ of seizure, by direction of plaintiff's attorney, was not served.

At the November term, 1892, a personal judgment was rendered against defendants for $772.50. No action was taken on the judgment until November 22, 1893, when execution was issued, directed to the sheriff of Rankin county, and was levied in that county upon an engine and boiler and other machinery, valued by the officer at $300. On December 9, 1893, the property was sold at Brandon under the execution, and was purchased by appellant, H. A. Busick, for $50. As soon as the defendants learned of the sale, they made a motion in the circuit court of Holmes county to vacate it, on the grounds: (1) That defendants were not personally summoned, and the judgment was therefore a nullity; (2) because the property was sold without notice to the defendants that an execution had been, or was about to be, issued against them, and in a different county from that of their residence, and property worth $1,500 was sold for $50; and (3) because defendants, at the time of the issuance of the execution, had much more property in Holmes county than sufficient to satisfy the execution, and would have paid the judgment before permitting a sacrifice of their property. The attorneys for plaintiff, who brought the action and took the judgment, admitted having directed the issuance of the execution, but knew nothing of the levy or the sale. They were also the general attorneys of Watson, and it was shown that the action had been brought at Watson's suggestion and for his protection, he having understood that Pinkerton, who had assumed the debt, was about to remove his property from the county. There was testimony tending to show that the property, which sold for $50, was worth $1,400 or $1,500, and, further, that Watson, one of the defendants, at the time of the issuance, owned considerable property in

Holmes county which was subject to execution. The court sustained the motion to vacate the sale, and Busick, the purchaser of the property, who had been served with notice of the motion, appeals.

*Wm. Buchanan*, for appellant.

Inadequacy of price, in the absence of fraud, is not ground for setting aside a sale under execution. . *Clement* v. *Reid*, 9 Smed. & M., 535; *Price* v. *Martin*, 46 Miss., 489; 74 Iowa, 223; 85 Ky., 385; 77 Tex., 210; 19 S. W. Rep., 669; 13 *Ib.*, 140.

Appellant was not a party to the litigation, and was a *bona fide* purchaser at a sale regularly and fairly conducted. He could be required, and was required, to pay his bid. There was no duty imposed upon plaintiff in execution, or the purchaser, to notify defendants of the levy and the sale.

*Hooker & Wilson*, on the same side.

*E. F. Noel*, for appellee.

It is true that mere inadequacy of price will not, ordinarily, be sufficient to set aside a sheriff's sale, but it may be considered in connection with other irregularities, and, where the inadequacy is great, the sale may be set aside for slight additional circumstances. 139 Ill., 554; 32 Am. St. Rep., 215; *Winston* v. *Ottley*, 25 Miss., 451. See, also, *Davis* v. *Bell*, 57 Miss., 320; *Hall* v. *Moore*, 70 *Ib.*, 75.

Argued orally by *E. F. Noel*, for appellee.

WOODS, J., delivered the opinion of the court.

To the gross inadequacy of price paid by appellee, at execution sale, for the property sold, as ground for setting aside the sale, there are to be added these circumstances, which demonstrate the character of the transaction. 1. Before any judgment was rendered in the suit of the Watertown Steam Engine

Company against the appellees herein, one of them had put in the hands of that company's attorneys collaterals largely in excess of the debt due the company, and supposed that the matter of even bringing suit had been abandoned.  2. After judgment obtained, no effort was made to enforce its collection for about twelve months, although one of the appellees had property in Yazoo county and the other in Holmes county.  3. Without direction of the attorneys of the Watertown Steam Engine Company, and in some manner and by some direction not disclosed, after about twelve months had elapsed subsequent to the rendition of judgment, and while appellees had property where they lived, execution was sent, without the knowledge of either appellee and without the knowledge of the attorneys of plaintiff company in that suit, to Rankin county, levied upon the mill property of the appellee, Pinkerton, and, before he ever heard of the matter, his valuable property was sold for a comparative trifle.  4. So unconscionable did the transaction appear to the attorneys of the plaintiff in execution that they expressed, on learning of the sale, their ready willingness to unite with the attorney of appellees in moving the court out of which the execution issued to vacate the sale thus made thereunder.

Viewed in the light of these circumstances, it would have been a palpable perversion of justice not to have vacated the sale.

*Affirmed.*