HOFFMAN *v.* MORRISON

No. 40612        December 16, 1957        98 So. 2d 771

*Bell & Gore,* Grenada, for appellant.

*Carothers & Fedric,* Grenada, for appellee.

324

KYLE, J.

This case is before us on appeal by Archie Hoffman, purchaser at an execution sale, from an order of the Circuit Court of Grenada County, setting aside a sheriff's sale of a used truck which had been sold under an order of said court to satisfy a judgment rendered in favor of H. C. Morrison against Capital Freight Lines, Incorporated.

The record in the case shows that the appellee, A. C. Morrison, doing business as Morrison's Pan-Am Station, recovered a judgment in the Circuit Court of Grenada County against the Capital Freight Lines, Incorporated, defendant, for the sum of $813.56. The action was begun by the issuance of a writ of attachment and the seizure under the writ of one International L 185 Truck, No. 107. The judgment was rendered on July 24, 1956, and recites that the defendant had been duly and legally served with process, and had failed to appear and answer. It was therefore ordered that the plaintiff do have and recover of and from the defendant the above stated sum, together with all cost expended, and that a lien be impressed on the above mentioned truck for the purpose of insuring payment of the judgment. It was also ordered that the sheriff advertise and sell the truck to satisfy the judgment, and that the sheriff file a report of his action in the matter to the court and pay into the court the balance of the money received from the sale of the truck, if any, after paying the judgment and costs.

The sheriff, pursuant to the order of the court, advertised the truck for sale by posting notice thereof in three public places in the county, and on the 13th day of October, 1956, offered the truck for sale at the front door of the county courthouse, in the City of Grenada, and the property was struck off to Archie Hoffman for the sum of $250. When Hoffman wrote out a check for the amount of the bid, the sheriff told him that delivery of the truck could not be made until the sale was approved by the court.

On November 1, 1956, A. C. Morrison, the judgment-creditor, filed a petition to set aside the sale on the ground that the amount of the purchase price was grossly inadequate and far below the reasonable market value of the truck, and that it would be grossly unfair to the judgment-creditor and other creditors for the truck to be sold for that amount. In his petition Morrison offered to guarantee that upon a resale the truck would sell for not less than $800. Morrison further alleged in his petition that the notice of sale was not published in a newspaper, but was posted in three public places, and that several parties interested in purchasing the truck and intending to bid thereon did not know of the sale until after it was over.

Hoffman appeared and filed a demurrer to the petition of Morrison to have the sale set aside. The demurrer was overruled by the trial judge, and by agreement of the parties the cause was set for hearing on December 3, 1956.

Tom King, the sheriff who was called to testify as a witness for the judgment-creditor, testified that there were three bidders at the sale. The first bid was $100; the second bid was $150; and the third bid was Hoffman's bid for $250; and the property was struck off to Hoffman. Before accepting Hoffman's check for the purchase price, however, the sheriff told Hoffman that the sale was subject to the approval of the court, and the

truck was not deliverd to Hoffman. The sheriff testified that the truck had been driven from a service station to the jail a month and a half or two months before the sale was made and had been stored in the jail yard. The sheriff stated that he had offered the truck for sale at the front door of the county courthouse, and that he did not have the truck at the courthouse or on the courthouse yard at the time it was offered for sale.

A. C. Morrison testified that the truck was a 1951 model tractor with a trailer hitched on it; that a new motor and a new transmission had been installed in the truck a short time before it was seized under the writ of attachment, and that the tires were in good condition; that he was not present when the truck was sold for the reason that he was busy elsewhere and just forgot about the sale; that in his opinion the reasonable value of the truck was between $800 and $1000; and that if the court ordered a resale, he would make a bond guaranteeing a bid of $800. Three other witnesses testified for the judgment-creditor concerning the fair market value of the truck at the time of the sale. All of these witnesses were of the opinion that the truck was worth between $700 and $800, and two of them stated that they would be willing to pay $800 for the truck.

Archie Hoffman, the purchaser of the truck, testified that he was engaged in the business of buying and selling scrap metal; that he had use for the truck himself, and did not intend to resell it at the time he purchased it; that he took a look at the truck during the morning of October 13 and asked the deputy sheriff to start the motor for him, as he was an interested bidder; and the deputy sheriff told him that he did not think the motor would start. Hoffman stated that his bid of $250 for the truck was as high as he would have been willing to go without hearing the motor. Hoffman also stated that the sheriff told him after the bids had been received that he would have to take the sale up with the court be-

fore he could get possession of the truck. Cooper Davis, who was engaged in the business of salvaging automobiles and scrap iron, testified that he thought the truck, if it were in running order, would be worth somewhere between $500 and $1000. If the truck would not run, it would be worth from $100 to $150. Kit Bowen testified that if the truck were in good running condition he would be willing to pay $500 or $600 for it. Grayford Morrow testified that if he were to buy the truck without hearing it run, he would be willing to pay from $200 to $300 for it.

The trial judge dictated into the record his findings of fact and his conclusions of law. The court found as a fact that the price for which the truck was sold amounted to only about one-fourth of its actual value, and that if the sheriff had carried the truck to the place where the sale was to be made, as he should have done, it would have brought more money; and the court was of the opinion that justice required that a resale be ordered. The court therefore ordered that the sale be set aside; and the court ordered that the sheriff readvertise the truck for sale, according to law, and that the judgment-creditor execute a good and sufficient bond in the sum of $800, conditioned that he would start the bidding on the resale at $800.

The appellant's attorneys argue two points as ground for reversal of the judgment of the lower court; (1) That the evidence does not support a finding of inadequacy; and (2) that, even if there was an inadequate price, there must have been shown some irregularity or unfairness in the sale before the court could set the sale aside, and that the evidence as a whole does not support the court's finding of fact that there was inadequacy of price and unfairness.

We think there is no merit in the appellant's contention that the evidence does not support the finding of inadequacy of price. That finding is supported by the overwhelming weight of the evidence.

██ ██ We also think that the court under the facts in this case had the right, in the interest of justice and fair dealing, to set aside the sale and to order a resale. It is true that mere inadequacy of price does not necessitate the vacation of an execution sale. But where the price is inadequate, the court may be induced to vacate the execution by slight additional circumstances or matters of equity. 21 Am. Jur., p. 303, Executions, par. 641, and cases cited.

It is not often that the courts of law in this state are called upon to vacate sales under execution. But this Court in at least three cases has recognized the power of a circuit court to set aside an execution sale made under authority of a judgment of the court. In Hopton v. Swan, 50 Miss. 545, the Court said: "The general rule is, that it is inherent power in a court to control and regulate its process. When justice and fair honest dealing demand, it may quash the process itself, or may set aside a sale under it." In Hall v. Moore, 68 Miss. 527, 10 So. 74, the court recognized the rule stated in Hopton v. Swan, supra, but held that the relief sought in that case must be denied, because the relief was not sought at the return term of the execution. In Busick v. Watson, 72 Miss. 244, 16 So. 420, the Court affirmed an order of the circuit court sustaining the defendants' motion to vacate an execution sale, and in its opinion, said, "it would have been a palpable perversion of justice not to have vacated the sale."

We think that the court's findings in the case that we have here were sufficient to justify the order setting aside the sale and directing a resale of the property.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.