INDUSTRIES SALES CORPORATION *v.*
RELIANCE MANUFACTURING Co., et al.

No. 42216        March 12, 1962        138 So. 2d 484

464

*Clinton E. Lockard,* Pascagoula, for appellant.

*Ebb J. Ford, Jr.,* Gulfport, for appellees.

ETHRIDGE, J.

This is an appeal from a judgment of the Circuit Court of Jackson County, dismissing a petition to vacate an execution sale of chattels. The case involves issues pertaining to the legality of the sheriff's levy, notice of sale, and sale; a gross inadequacy of consideration; the effect, upon creditors of the trustee, of the Uniform Trust Receipts Act as to unrecorded trust receipts; and the standing of the entruster to attack the sale.

On November 17, 1960, appellee, Reliance Manufacturing Company (Reliance), obtained in the Circuit Court of Jackson County a default judgment in the amount of $6,234.70, against H & S, Inc., doing business as Thomas Department Store and Thomas Habeeb (called H & S or trustee). On December 6, the Circuit Clerk of Jackson County issued a writ of execution on the above judgment in favor of Reliance against H & S. The sheriff's return recited that he had executed the writ by personally delivering a copy to Thomas Habeeb, president of H & S, and by levying upon nineteen items listed in the return, consisting of new gas ranges, refrigerators and television sets. Thereafter the sheriff posted three notices of a sale of these items, to be held at the store on December 19, 1960. At the sale seventeen of these items were sold for $5 each to defendant, Mrs. B. J. Dillon, a total of $85. One television set and one Hi-Fi set were sold for $50 each, a total of $100, to Mrs. M. D. Johnson, another defendant.

On March 20, 1961, before the next term of court, Industries Sales Corporation (Industries), the appellant, filed in the circuit court a petition to vacate the execution sale, naming as defendants Reliance, Dillon

and Johnson, the purchasers, and James I. Grimsley, Sheriff of Jackson County. The petition alleged defects in the method of levy, notice, and sale; a grossly inadequate consideration; and that ten Motorola television and Hi-Fi sets were acquired from petitioner, Industries, under trust receipts which protested them from claims of creditors. Answers denied these allegations.

Industries is a Louisiana corporation. H & S executed trust receipts to Industries for the floor-planning of merchandise, the Motorola television and Hi-Fi sets levied upon. Industries, the regional distributor for such merchandise, shipped these sets to the dealer, H & S, on a ninety-day floor-plan basis, subject to two 30-day renewals. The dealer made a ten per cent down payment before delivery on the wholesale price. Under the trust receipt documents, if the entruster, Industries, repossessed, the dealer (trustee) forfeited the ten per cent. These sets were new. Their individual wholesale prices ranged from $85 to $371 each. Neither the trust receipts nor any statement of trust receipt financing was filed for record in the office of the Chancery Clerk of Jackson County, as provided by the Trust Receipts Act.

■■ ■ The levy by the deputy sheriff upon the property was adequate. Miss. Code 1942, Rec., Sec. 1905, requires the officer to take the property into his possession and dispose of it. In this instance the officer took down the serial or model numbers of the property, and left it in the possession of the trustee, H & S, through Habeeb. In order for there to be a valid levy, the officer must assume dominion and control over the property, but the seizure may be either actual or constructive. An officer levying an execution on chattels is not required to physically take them with him, if he reduces them to his possession and control. The levy is not vitiated by leaving the chattels in the possession of the debtor. 33 C. J. S., Executions, Sec. 97; 21 Am.

Jur., Executions, Secs. 107-110. ██ ██ These items were in the appliance department of the store, and the manager, Habeeb, agreed to hold the property for the sheriff, and not to sell it. He complied with the instructions of the officer, and the property was in constructive possession of the levying officer. However, a better practice would have been for the levying officer also to attach tags to the particular items levied upon. Advertisements for the sale were sufficient. The sheriff posted three notices in public places as required by Code Sec. 1926.

██ ██ Code Sec. 1923 provides that sales shall be made at the county courthouse, ''but personal property too cumbersome to be removed may be sold at the place where the same may be.'' This statute gives the sheriff a reasonable discretion in determining the place of sale under the stated circumstances, which existed here. The place of sale was proper.

██ ██ However, the sale itself is fatally defective. On all except two of the nineteen items there was only one bid. On the seventeen items upon which only Mrs. Dillon bid, this valuable new property sold for only $5 each. On the two items upon which both Mrs. Dillon and Mrs. Johnson bid, those items sold for $50 each. The general rule is that, unless fraud is involved, a sale is not invalid merely because there was only one bidder, even though the statute requires the sale to be to the highest bidder. 33 C. J. S., Executions, Sec. 213, p. 459; Code Secs. 1928, 1926. ██ ██ Nevertheless, with bids of this grossly low character, and only one bidder in most instances, the deputy sheriff should have adjourned the sale and readvertised the property for a subsequent date, as he had the authority to do under Code Sec. 1929.

The property sold at the execution sale for a grossly and unconscionably inadequate price. The nineteen items were sold for $185. This was approximately four per cent of the fair market retail value of these new items,

and about six per cent of their wholesale price. Seventeen of the items sold for only $5 apiece, and two for $50 each. The deputy sheriff, who levied on the property, stated that he was attempting to levy on sufficient merchandise to approximate the amount of Reliance's judgment, $6,234.70. He admitted that the prices were not fair, but he was not aware of any authority to adjourn the sale and readvertise. Shortly after she purchased seventeen of these items, Mrs. Dillon admitted that she bought $2,000 of fire insurance on them.

▇▇ ▇ An execution sale of property for a grossly and unconscionably inadequate price is subject to being vacated. In addition to the absurdly low prices for these items, there is the added circumstance of only one bidder for them, except as two items. 21 Am. Jur., Executions, Secs. 226, 631. The power of a court to control its own processes and to vacate execution sales for grossly inadequate prices is well recognized in this State. Hopton v. Swan, 50 Miss. 545 (1874); Hall v. Moore, 68 Miss. 527, 10 So. 74 (1891); Busick v. Watson, 72 Miss. 244, 259, 16 So. 420 (1894); Bratton v. Graham, 146 Miss. 246, 259, 111 So. 353 (1927); Reynolds v. Nye, Freeman Chancery Reports, p. 462 (1844); Anderson v. T. G. Owen and Son, Inc., 231 Miss. 623, 97 So. 2d 369 (1957); Hoffman v. Morrison, 232 Miss. 322, 98 So. 2d 771 (1957).

The circuit court found that a price of $5 each for new television sets "does shock the conscience of the court", that is, that the price was grossly and unconscionably inadequate; but the court held that appellant had no standing to attack the validity of the sale, since it had no enforcible interest in the property. That is the remaining question.

▇▇ ▇ An execution sale may be avoided by any interested person who is injured thereby, and, conversely, one who is not interested and is not injured by the sale

cannot question its validity. 33 C. J. S., Executions, Sec. 227.

Section 13 of the Mississippi Uniform Trust Receipts Act provides for filing of record in the chancery clerk's office of a "Statement of Trust Receipt Financing", which shall constitute constructive notice of this method of doing business between the parties. Miss. Laws 1950, ch. 331; Miss. Code 1942, Rec., Secs. 5080-01 to 5080-23. However, Sec. 8(1) of the act protects the entruster's security interest for thirty days after delivery of the goods without such filing. Sec. 8(2) provides that "the entruster's security interest shall be void as against lien creditors who become such after such thirty day period and without notice of such interest and before filing".

Only one of the four trust receipts of H & S falls within this thirty-day period. On November 28, 1960, H & S executed a trust receipt on two television sets. They were described by model and serial numbers, and designated as "TV", without stating the brand name, "Motorola". However, the omission of the brand name, where the model number and serial number are given, both of which are unique to the particular instruments, does not invalidate the descriptions of the chattels in this particular instrument. It was executed within eight days of the levy of the writ. These two new television sets covered by that trust receipt had minimum sale prices of $190.49 and $182.22, respectively. Each of them was sold at the execution sale for $5.

The circuit judge observed that the trustee's president, Habeeb, had notice of the levy but failed to advise petitioner. However, this was not notice to Industries. Its interest in the property as entruster is not precluded by the trustee's failure to advise the entruster of the levy. The failure of H & S, the trustee, to complain of the sale does not preclude the entruster, Industries, from contesting its validity. Finally, the

circuit judge stated that, if the sale is set aside and the property is sold again, other creditors of H & S and not petitioner would receive the proceeds. However, petitioner had good title to the two television sets in the trust receipt of November 28, and the right to their immediate possession. In addition petitioner on a new sale would have the right to bid on the other items upon which it has trust receipts. An adequate sale price could be sufficient to amortize any prior liens. ██ ██ Moreover, the two purchasers at the execution sale are not protected by Sec. 9(2)(b) of the Trust Receipts Act, since they did not give "value" before the expiration of the thirty-day period for the property. The definition of value in Sec. 19 (any consideration sufficient to support a simple contract), is not applicable here, since the purchasers at the sale paid a grossly inadequate consideration. They were not purchasers in the ordinary course of trade. Whitney, The Law of Modern Commercial Practices (1958), Sec. 708; see 9C, Uniform Laws Anno. (1957), pp. 224-229. Commercial Credit Corp. v. General Contract Corp., 223 Miss. 774, 79 So. 2d 257 (1955), involved a contest between the entruster and a buyer in the ordinary course of trade, with the latter prevailing. No general creditors were involved.

In summary, the execution sale to appellees Dillon and Johnson was invalid, because made for a grossly and unconscionably inadequate consideration. Appellant, as entruster, has standing to attack the sale, because under the Trust Receipts Act its security interest is good as to two of the television sets described in the trust receipt dated November 28, 1960; and because as a junior claimant on the other items it has an interest in a sale at a fair price. Nor are Dillon and Johnson purchasers in good faith for value within the thirty-day period as defined in Sec. 9(2)(b). Code Sec. 5080-09. Hence appellant's security interest under its trust receipt is superior to creditors of the trustee as to the two tele-

vision sets in the last instrument. With reference to the remaining property upon which appellant has trust receipts, they are subordinate to prior claims of the trustee's creditors, since the levy occurred more than thirty days after delivery of those goods, without filing of a statement. Code Sec. 5080-08.

The judgment of the circuit court refusing to set aside the execution sale is reversed. Judgment is rendered here vacating that sale, and adjudicating that appellant's security interest as to the two television sets covered by the trust receipt dated November 28, 1960, is valid and superior to claims of creditors of the trustee, H & S, Inc., and that appellant has the right to immediate possession of those items. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Gillespie,* and *Jones, JJ.,* concur.