E. GRADY JOLLY, Circuit Judge:
 

 This appeal presents a priority dispute between two competing creditors who had security interests in the same collateral of a bankrupt debtor. The appellant bank filed a financing statement at a time when no prior security interest in the debtor’s property appeared of public record. The appellee credit corporation, however, previously had filed a continuation statement that was returned by the filing clerk because of an alleged defect in the instrument, but which was not resubmitted by the credit corporation. The bankruptcy court held that the credit corporation’s continuation statement was not valid because it was not properly signed by the creditor, and not properly filed of public record before the bank filed its own financing statement. On appeal, the district court reversed the bankruptcy court, holding that the credit corporation’s continuation statement was properly signed and filed. We affirm.
 

 I.
 

 Bufkin Brothers, Inc. (Bufkin) was a corporation located in Lucedale, Mississippi, engaged in the business of selling and servicing appliances and televisions. To finance its operations, Bufkin participated in a financing practice known as “floor planning” under which it borrowed money from Appliance Buyers Credit Corporation (Appliance). Appliance in turn took a security interest in Bufkin’s current and after-acquired inventory. To perfect its security interest, Appliance filed a UCC-1 Financing Statement on October 23, 1974 with the George County Chancery Clerk, and on the following day filed a similar statement with the Mississippi Secretary of State.
 

 Prior to the expiration of these original financing statements, Appliance filed continuation statements with the Secretary of State and George County Chancery Clerk to maintain its perfected security interest in the Bufkin inventory. The continuation statement filed with the Secretary of State is not in dispute; it contained Appliance’s typewritten corporate name and the manual signature of an authorized Appliance employee. The statement filed with the chancery clerk, however, is very much in issue and is the subject of this appeal. That statement, along with the appropriate filing fee, was tendered and accepted by the chancery clerk on May 3, 1979. On the same day, consistent with the clerk’s usual practice, the statement was stamped by a machine used to indicate receipt of financing statements. In addition, the filing fee check tendered by Appliance was negotiated by the chancery clerk. The clerk later discovered, however, that the continuation statement had not been manually signed by an officer or other authorized person on behalf of Appliance. Appliance’s corporate name was typewritten in the space designated for the secured party’s name, but therebvas no manual signature in the space immediately below Appliance’s typewritten name that was designated for the signature of a corporate agent. Upon discovering the omission, the chancery clerk returned the continuation statement to Appliance for completion and resubmission, but Appliance failed to resubmit the continuation statement until June 1982.
 

 During the period following the chancery clerk’s return of the continuation statement to Appliance, Bufkin continued to operate its business. In 1981 when Bufkin was in need of additional financing, it borrowed money from the First State Bank of Luce-dale, Mississippi (First State) and executed a security agreement to secure the loan. First State filed a UCC-1 financing statement with the Chancery Clerk of George County on January 27, 1981, and on the following day filed a similar financing statement with the Secretary of State. First State’s financing statement covered collateral, equipment, and inventory identical to that covered by Appliance’s continuation statement. When First State filed its statement, Appliance’s continuation statement did not appear of public record in the chancery clerk’s office. Later, on November 10, 1981, First State made a ninety-day
 
 *1576
 
 loan to Bufkin in the amount of $59,754. That loan, however, apparently was not sufficient to maintain Bufkin as a viable enterprise because some two weeks later, Bufkin filed a voluntary petition in bankruptcy.
 

 A dispute ensued in the bankruptcy court between First State and Appliance concerning the priority of their competing security interests in the Bufkin collateral. After conducting two hearings, the bankruptcy court held that Appliance’s continuation statement lacked a proper signature and thus concluded that Appliance’s security interest did not obtain priority. From this judgment Appliance appealed to the district court. The district court reversed the bankruptcy court, specifically finding that the act of typing the corporate name on the continuation statement by an authorized agent of Appliance and the proper presentment of the statement along with the appropriate filing fee evidenced Appliance’s intention to authenticate its continued interest in Bufkin’s property. The court therefore held that the typewritten signature was sufficient to validate the continuation statement, and that the tender of the statement with the filing fee satisfied the formal prerequisites for filing under Mississippi law. First State now appeals.
 

 II.
 

 Two primary issues are presented for our resolution. First is the question whether Appliance’s typewritten corporate name substantially complies with the formal requirement under Mississippi’s Uniform Commercial Code that a continuation statement be “signed” by the secured party. Second, in the event that the continuation statement is valid, we must determine whether it was properly filed of record.
 

 III.
 

 A.
 

 Under Mississippi’s Uniform Commercial Code (the Code), which we must apply in this ease, a properly filed financing statement affords a creditor protection for a period of five years from the date of filing. Such perfection lapses at the end of the five-year period, however, unless a continuation statement is filed prior to the lapse. Miss.Code Ann. § 75-9-403(2) (1972). A continuation statement that complies with the statutory requirements continues the effectiveness of the original statement for another five-year period.
 
 Id.
 
 To satisfy the formal requirements of the Code, the continuation statement “must be signed by the secured party, identify the original statement by file number, and state that the original statement is still effective.”
 
 Id.
 
 § 75-9-403(3). The statement then, of course, must be filed of public record to continue perfection of the security interest. The filing requirement is expressly defined in Miss.Code Ann. § 75-9-403(1): “Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this chapter.”
 

 In this case it is undisputed that Appliance presented its continuation statement for filing and tendered the filing fee. The chancery clerk negotiated the filing fee check and stamped and dated the continuation statement according to the usual practice in his office. The acts by Appliance and the clerk unquestionably satisfied the express requirements of section 75-9-403(1). As the district court correctly noted, however, a creditor’s perfected interest does not continue upon presentment of a financing statement along with the filing fee unless the statement substantially complies with the requirements of Miss.Code Ann. § 75-9-403(3), specifically, the requirement that the statement be “signed by the secured party.” The threshold question here is whether Appliance’s typewritten corporate name substantially complies with the Code’s “signature” requirement despite the absence of a handwritten signature in the designated space on the continuation statement.
 

 To place our analysis in proper perspective, it must be recognized that the basic purpose and policy of the Code is “to simplify, clarify and modernize the law
 
 *1577
 
 governing commercial transactions.” Miss. Code Ann. § 75-l-102(2)(a) (1972). Our mandate is to liberally construe and apply the provisions of the Code in a manner that will promote this underlying purpose and policy.
 
 Id.
 
 § 75-1-102(1);
 
 see Fedders Financial Corp. v. Borg Warner Acceptance Corp. (In re Hammons),
 
 438 F.Supp. 1143, 1153 (S.D.Miss.1977),
 
 rev’d on other grounds,
 
 614 F.2d 399 (5th Cir.1980). The specific policy of the Code concerning secured transactions is “to simplify formal requisites and filing requirements and ... to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves.” Official Comment 9, U.C.C. § 9-402. The policy underlying the law of secured transactions clearly is that form is not to be exalted over substance.
 
 See In re Hammons,
 
 438 F.Supp. at 1153.
 

 Against this background, we turn now to the question of the sufficiency of Appliance’s typewritten signature. The Code defines “signed” to include “any symbol executed or adopted by a party with present intention to authenticate a writing.” Miss.Code Ann. § 75-1-201(39) (1972). The Official Comment to U.C.C. § 1-201(39) more specifically explains that “[t]he inclusion of authentication in the definition of ‘signed’ is to make clear that as the term is used in [the Code] a complete signature is not necessary.” The Official Comment further elaborates:
 

 Authentication may be printed, stamped or written; it may be by initials or by thumbprint.... No catalog of possible authentications can be complete and the court must use common sense and commercial experience in passing upon these matters. The question always is whether the symbol was executed or adopted by the party with present intention to authenticate the writing.
 

 Here, we are persuaded to affirm the district court’s judgment that the continuation statement was properly signed. Our decision rests upon two primary bases. First, it is generally recognized in Mississippi and in the Fifth Circuit that the filing sections under the Code represent a system of “notice filing” that serves only to warn subsequent creditors that a secured party
 
 may
 
 have a security interest in the collateral described, and that “further inquiry from the parties concerned will be necessary to disclose the complete state of affairs.” Official Comment 2, U.C.C. § 9-402 (emphasis added);
 
 see also Brushwood v. Citizens Bank of Perry (In re Glasco, Inc.),
 
 642 F.2d 793, 795 (5th Cir.1981) (applying Florida law);
 
 In re Hammons,
 
 614 F.2d 399, 406 (5th Cir.1980) (Clark, J.) (applying Mississippi law);
 
 Mills Morris Co. of Mississippi v. Scanlon (In re King Porter Co.),
 
 446 F.2d 722, 729 (5th Cir.1971) (applying Mississippi law). Appliance’s continuation statement clearly imparted the type of notice contemplated by the Code. The statement identified the secured party, identified and referred to the original financing statement, and recited that the original statement was still effective. This certainly informed searching creditors of the prior security interest even to the extent to make “further inquiry” unnecessary.
 
 [1]
 

 See also
 
 J. White & R. Summers,
 
 Handbook of the Law Under the Uniform Commercial Code
 
 § 23-16 at 956 (2nd Ed. 1980) (more enlightened view is that typed corporate name is sufficient signature).
 

 B.
 

 Our decision is also grounded in the district court’s finding that Appliance executed its continuation statement with the present intent to authenticate it. Although the district court was bound to accept the bankruptcy judge’s factual findings unless clearly erroneous, it “must independently
 
 *1578
 
 determine the ultimate, legal conclusion adopted by the bankruptcy judge on the basis of the facts found.”
 
 In re Hammons,
 
 614 F.2d at 402-03. The bankruptcy judge cryptically concluded that Appliance’s continuation statement was fatally defective because it was not “signed” as required by the Code. Without setting aside any underlying factual findings made by the bankruptcy judge, the district court simply refused to reach the same legal conclusion based upon the record. The district court expressly held: “The acts of typing the corporate name on the signature line by an authorized agent of the corporation, the proper presentment of the statement with the tender of the appropriate filing fee, the simultaneous filing of a manually inscribed continuation statement with the Secretary of State’s office are all clear, objective evidence of [Appliance’s] present intention to authenticate its continued interest in the debtor’s property_” Although there was evidence to support the position that Appliance did not intend to authenticate the continuation statement without a handwritten signature, after carefully reviewing the record we are not convinced that the district court’s finding is clearly erroneous. Accordingly, we hold that the signature on the continuation statement substantially complied with statutory requirements.
 

 IV.
 

 Having determined that the continuation statement was properly signed, we now address First State’s primary argument, i.e., that the chancery clerk properly exercised his discretion in returning the document for completion and resubmission, and since Appliance negligently failed to return the statement, the loss falls on Appliance. First State contends that it had a right to rely upon the state of the records at the time it filed its financing statement, and since Appliance’s statement was not of record, Appliance should bear the loss. We are not persuaded to adopt this viewpoint for the following reasons.
 

 As we have briefly mentioned above, financing statements are deemed properly filed under Mississippi law when they are presented to the filing clerk and the filing fees are paid. Miss.Code Ann. § 75-9-403(1) (1972);
 
 Murdock Acceptance Corp. v. Woodham,
 
 208 So.2d 56, 58 (Miss.1968). Furthermore, it is well established that a filing creditor may “ ‘safely repose on the presumption that the recording officer has done his duty’ and is under no duty to see that an instrument is properly recorded.”
 
 Id.
 
 (quoting
 
 Bank of Lexington v. Cooper,
 
 115 Miss. 782, 76 So. 659, 661 (1917);
 
 see also In re Hammons,
 
 438 F.Supp. at 1151 (a secured creditor is not an insurer of proper recording). These principles are also consistent with the general rule expressed by Professors White and Summers:
 

 Implicit in the definition of filing and explicit in the comments is the idea that errors of filing officers are not borne by creditors. The cases are clear that a. mistake by a clerk ... does not affect the perfection of the creditor’s security interest where the financing statement presented was proper even though no notice was given to subsequent searchers. (Footnotes omitted.)
 

 J. White & R. Summers,
 
 Handbook of the Law Under the Uniform Commercial Code,
 
 § 23-15 at 951 (2nd Ed.1980).
 

 Since we have already determined that Appliance’s continuation statement was properly signed, the presentment of that statement with the appropriate filing fee compels the conclusion that Appliance’s security interest continued to be perfected despite the clerk’s unfortunate return of the statement. Simply stated, Appliance complied with all that the Code requires, and therefore it should not bear the consequences of the chancery clerk’s judgment that the continuation statement was insufficient.
 

 Although our analysis perhaps could end here, we write further to express the other considerations that have guided us in reaching our decision. The Code specifically sets forth the duties of a filing officer in
 
 *1579
 
 regard to financing statements. First, he must mark “each statement with a file number and with the date and hour of filing, and
 
 shall
 
 hold [it] ... for public inspection.” Miss.Code Ann. § 75-9-403(4) (1972) (emphasis added). In addition, he is required to index the statements according to the debtor’s name, noting in the index the file number and the debtor’s address.
 
 Id.
 
 As the district court correctly observed, these duties are expressed in mandatory language, and they should not be characterized as ministerial only. The continuation statement at issue contained all of the information necessary for the chancery clerk to perform his statutory duties. The Code does not give the clerk the discretion to inspect documents for the formal requirements imposed by the Code; nor is the clerk vested with quasi-judicial authority. The determination of the legal sufficiency of documents is better left to the legislature and to the courts. Because the chancery clerk had available all the information necessary to perform his duties, Appliance could justifiably presume that the clerk had, in fact, done his duty.
 
 Murdock Acceptance Corp. v. Woodham,
 
 208 So.2d 56, 58 (Miss.1968);
 
 Bank of Lexington v. Cooper,
 
 115 Miss. 782, 76 So. 659, 662 (1917).
 

 It is unnecessary for us to hold that a filing officer may never under any circumstances return a document for completion. We hold only that the chancery clerk in this particular case had no authority to return Appliance’s continuation statement that substantially complied with the formal requirements of the Code. When a filing officer jeopardizes the rights of a filing creditor by rejecting a tendered document later held to be proper and legally sufficient, as in this case, the loss is not attributable to the creditor.
 
 See Excello Corp. v. Oneida National Bank & Trust Co. of Central New York (In re Mutual Board and Packaging Corp.),
 
 342 F.2d 294, 297-98 (2d Cir.1965). The better practice for filing officers, therefore, is to file documents they deem questionable and then notify the filing party of possible defects.
 
 [2]
 

 We recognize that our decision here appears to yield a harsh result. First State will bear the risk of loss although it filed its financing statement when no prior security interest appeared of public record in the chancery clerk’s office. In balancing the interests of Appliance who properly filed a legally sufficient continuation statement, and First State, who diligently searched the public records but discovered no prior security interest, we follow the Second Circuit in holding that the loss should fall on First State rather than Appliance, because of Appliance’s priority of effort.
 
 See Excello,
 
 342 F.2d at 297-98;
 
 see also In re Hammons,
 
 438 F.Supp. at 1152 n. 15.
 

 V.
 

 In conclusion, the district court’s finding that Appliance intended to authenticate its continuation statement is not clearly erroneous. Appliance substantially complied with formal requisites of the Code by tendering a signed continuation statement, along with the appropriate filing fee, to the chancery clerk. The requirements of the Code having been satisfied, Appliance obtained priority over First State’s later-filed competing securing interest. The district court’s judgment is
 

 AFFIRMED.
 

 [1]
 

 . It is also important to note here that "[a] financing statement substantially complying with the requirements' of ... section [9-402] is effective even though it contains minor errors which are not seriously misleading." Miss.Code Ann. § 75-9-402(8). In addition to our holding that Appliance’s signature substantially complied with the requirements of section 9-402, we also hold that the absence of a handwritten signature in this particular case was not seriously misleading.
 

 [2]
 

 . Certain other problems are obvious if the filing officer is given discretion to accept or reject a financing statement. To permit filing officers to return legally sufficient financing statements for technical corrections would place the significant risk of harm on searching creditors who would have no notice of the prior security interest. On the other hand, to place the risk of loss on the filing creditor until he resubmits the corrected statement would contravene the plain language of the Code itself. Our decision gives effect to the plain, unambiguous language of the Code by protecting those creditors who comply with the Code. The cost of any fatal defect in the document, however, will be borne by the filing party responsible for the defect.