## M & S OIL PROPERTIES v. HALLIBURTON COMPANY

CA 90-34                                     798 S.W.2d 116

Court of Appeals of Arkansas
Division I
Opinion delivered October 31, 1990

*Henry C. Kinslow*, for appellant.

*Kinard, Crane & Butler, P.A.*, by: *Steve R. Crane*, for appellee.

JOHN E. JENNINGS, Judge. The primary issue presented is whether a circuit court has the power to set aside an execution sale when execution is levied to enforce a judgment of that court. We hold that the circuit court has such power. Although other

arguments are raised we find no merit in them and therefore affirm.

On January 22, 1987, Halliburton Company, the appellee, obtained a judgment for $195,000.00 against Owen Drilling Company, Inc. and E.H. Owen, individually. Execution was subsequently levied on a number of oil leases owned by the defendants. There were oil wells on at least some of the lands leased.

On May 10, 1988, thirty-three of the leases were sold at sheriff's sale for $1,634.00 to an attorney acting as agent for the appellant, M & S Oil Properties. It appears that this same attorney had represented members of the Owen family in related litigation.

Halliburton moved to set aside the execution sale and, after a hearing, the circuit court found that on the date of sale the fair market value of the assets sold was in excess of $145,000.00. The court also found other irregularities connected with the sale and set the sale aside.

Appellant contends that the circuit court has no authority to set aside an execution sale made to enforce its own judgment. We disagree.

Very early on the Arkansas Supreme Court held that a common law court possessed the power to set aside an execution sale made pursuant to its own process. *State Bank* v. *Noland*, 13 Ark. 299 (1853). In *Bird* v. *Kitchens*, 215 Ark. 609, 221 S.W.2d 795 (1949), the supreme court quoted with approval the rule from 21 Am. Jur. Execution § 517 (1939) that, generally, relief from execution should be sought in the court from which the execution was issued. The court in *Bird* said that the circuit court had "ample power to determine whether the [execution] sale should have been vacated. . . ." 215 Ark. at 614. In *Hoffman* v. *Morrison*, 232 Miss. 322, 98 So. 2d 771 (1957), a case from Mississippi, a state which like Arkansas maintains separate courts of law and equity, the Supreme Court of Mississippi decided the issue presented here. That court held that courts of law have the power to set aside execution sales made under the authority of the law court's judgment:

The general rule is that it is inherent power in a court to

control and regulate its process. When justice and fair honest dealing demand, it may quash the process itself, or may set aside a sale under it.

*Hoffman*, 98 So. 2d at 773, quoting *Hopton* v. *Swan*, 50 Miss. 545 (1874).

We hold that the circuit court had authority to set aside an execution sale made pursuant to its own judgment.

Appellant also contends that the court erred in finding that the sale price was inadequate and that the sale was tainted, and in not finding in its favor on the issues of waiver, estoppel, and laches. The decision on each of these matters was one of fact. On review, we do not set aside the trial court's findings unless they are clearly against a preponderance of the evidence. Ark. R. Civ. P. 52(a). Because the record evidences a reasonable basis for each of the circuit judge's findings of fact, we cannot say that they are clearly against a preponderance of the evidence.

Affirmed.

WRIGHT, Acting C.J., and CRACRAFT, J., agree.