In the Matter of John W. SMITH and Mary Ann Smith, individually and jointly, Bankrupt.

No. 26931.

United States District Court
E. D. Pennsylvania.

May 12, 1962.

On Motion for Reargument
June 11, 1962.

Morgan, Lewis & Bockius, by Alan L. Reed, Philadelphia, Pa., for petitioner.

Rhoda, Stoudt & Bradley, by D. Frederick Muth, Reading, Pa., for trustee.

WOOD, District Judge.

On December 8, 1960, petitioner and bankrupts entered into a conditional sales contract in connection with the purchase by the Smiths of certain equipment. On August 28, 1961, the Smiths filed a voluntary petition in bankruptcy and were adjudged bankrupt on that date. No installments had been paid on the conditional sales contract; therefore, the bankrupts are in default to the petitioner in the sum of $8,184.00.

The petitioner attempted to reclaim the equipment covered by the conditional sales contract from the trustee in bankruptcy. The Referee held that the equipment formed a part of the bankrupt estate on the ground that the petitioner had never perfected its security interest in the equipment because it had failed to file a financing statement with the office of the Secretary of the Commonwealth as required by the Pennsylvania Uniform Commercial Code. (12A Purdon's Stat. § 9–401(1) (c), 1961 Supp.). A trustee in bankruptcy takes priority over unperfected security interests in property of the bankrupt. (12A Purdon's Stat. § 9–301, 1961 Supp.).

This is a review of the Referee's Order. Petitioner contends that the Referee erred in holding that the security interest was not perfected, and in holding that petitioner's good faith attempt to perfect the interest did not entitle petitioner to prevail over the trustee in any event.

First, it is argued that the presentation for filing of the conditional sales contract, together with the filing fee, to the Secretary of the Commonwealth constituted "filing" as defined by the Code.

Therefore, even though the conditional sales contract was returned by the office of the Secretary to petitioner and was never resubmitted for filing in that office, petitioner contends that the filing was accomplished by the original presentation. The facts surrounding the attempted filing are not in dispute. The conditional sales contract did not contain the mailing address of the debtor (as required by section 9–402 of the Code.) It was returned to petitioner with a letter suggesting that an enclosed form of financing statement be filled out, since the small size contracts easily became lost in the files. The letter also stated that no mailing address for the debtor could be found. Petitioner states in its brief that it attempted to have the new financing statement signed by the debtors, but that it never succeeded in so doing, and for that reason the financing statement never resubmitted for filing.

The Pennsylvania Uniform Commercial Code requires that a security interest in equipment be filed in both the office of the Prothonotary for the county in which the debtor does business, and in the office of the Secretary of the Commonwealth. (12A Purdon's Stat. § 9–401(1) (c), 1961 Supp.). Although the conditional sales contract was accepted by the Prothonotary for Berks County, it was never actually filed with the office of the Secretary, as described above. Section 9—403 of the Code defines filing as follows:

"(1) *Presentation* for filing of a financing statement and tender of the filing fee *or* acceptance of the statement by the filing officer constitutes filing under this Article." (Emphasis supplied).

It is this section upon which petitioner relies in contending that the filing was accomplished by the original presentation of the conditional sales contract.

We think that this section does not apply in this case so as to render the petitioner's security interest perfected. Section 9–402 of the Code states that one of the formal requisites of financing

statements is the inclusion therein of the mailing address of the debtor. That section also provides in subsection 5 that a financing statement "substantially complying" with the requirements of the section is effective. We think that a financing statement which does not contain the debtor's address does not substantially comply with the formal requirements of the Code. Therefore, the filing officer in the Secretary's office had the right to return the conditional sales contract to the petitioner, and it was incumbent upon petitioner to resubmit a statement which contained the debtor's address.

■■ Our interpretation of section 9–403(1) is that it refers to the presentation for filing of a financing statement which substantially complies with the Code's formal requirements for financing statements, and one which the filing officer would, therefore, be duty-bound to accept.

■ Petitioner's second argument is based upon section 9–401(2) of the Code. That section provides:

"A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

The Referee rejected this argument on the ground that petitioner had produced no evidence that it came within the provisions of this section. We agree with the Referee. First, petitioner's filing in the Prothonotary's office did not "comply with the requirements of this Article," since the conditional sales contract filed there did not contain the debtor's address. Second, there is no evidence that any person, whether it be the trustee or the creditors, had knowledge of the contents of the financing statement which

was filed in the Prothonotary's office. Petitioner contends that it was the trustee's burden to produce evidence that the unsecured creditors had no such knowledge. But as the trustee points out in his brief, the court in the case of In the Matter of Luckenbill, 156 F.Supp. 129 (E.D.Pa.1957), regarded the knowledge of the *trustee* as relevant to this section. In any event, we think it was the burden of the petitioner to show that in all respects it came within the provisions of this section which it had invoked as an exception to the ordinary filing requirements of the Code. This it has failed to do.

We see no error in the Referee's Order.

## SUR MOTION FOR REARGUMENT

WOOD, District Judge.

■ On May 12, 1962, we entered an Order affirming the order of the referee in bankruptcy, and dismissing the reclamation petition of the Metropolitan Equipment Company. That Order was based in part upon the erroneous assumption that a certain conditional sales contract filed in the prothonotary's office in Berks County did not contain the mailing address of the debtor. It has since been called to the attention of the Court that the parties proceeded on this erroneous assumption and that in fact the mailing address of the debtor was included in the conditional sales contract described above.

We think the referee should have the opportunity to make the appropriate findings of fact and to re-evaluate his former opinion in light of this new evidence. "Whether a prior order should be re-examined, and, if re-examined, whether it should be vacated or modified is normally a matter of sound discretion with the referee or district judge as the case may be * * *" Moore's Federal Practice, Vol. 7, p. 212. We, therefore, enter the following Order:

## ORDER

And now, to wit, this 12th day of June, 1962, IT IS HEREBY ORDERED that

the petition of the Metropolitan Equipment Company for reclamation of certain equipment is remanded to the referee in bankruptcy for reconsideration in light of the above memorandum. Meanwhile, the referee's original order as affirmed by this Court shall stand.