**In re GRAPHICS PLUS ASSOCIATES, INC., Debtor.**

**GRAPHICS PLUS ASSOCIATES, INC., Plaintiff,**

**v.**

**UNITED STATES SMALL BUSINESS ADMINISTRATION, Defendant.**

**Bankruptcy No. 85–1075.
Adv. No. 87–0274.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 25, 1988.

Robert L. Murphy, Papernick and Gefsky, Pittsburgh, Pa., for debtor.

Alan E. Cech, Asst. U.S. Atty., Mary M. Merman, Dist. Counsel, Small Business Admin., Pittsburgh, Pa., for the Small Business Admin.

Robert Edmundson, Deputy Atty. Gen., Com. of Pa., Pittsburgh, Pa., for Com. of Pa.

Jennifer Fox Rabold, J.J. Gumberg Co., Pittsburgh, Pa., for Stanley K. Gumberg.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This matter comes before the court on the debtor's objection to the secured claim of the United States Small Business Administration ("SBA"). Both the debtor and the SBA have moved for summary judgment.

On May 7, 1979, the debtor executed a note in favor of the Industrial National Bank of Rhode Island ("Industrial") for $450,000. In order to create a security interest in Industrial in the debtor's machinery, furniture, equipment, fixtures, inventory, receivables and other miscellaneous items, the parties executed a security agreement dated May 7, 1979. Industrial filed a UCC–1 financing statement with the Prothonotary of Allegheny County on May 8, 1979, and with the Secretary of the Commonwealth on May 11, 1979. Subsequent to that time, Industrial changed its name to Fleet National Bank ("Fleet"). Fleet then sold the debtor's loan and assigned the rights to the SBA.

On April 12, 1984, the SBA prepared and mailed to the Secretary of the Commonwealth (the "Secretary") and the Prothonotary of Allegheny County (the "Prothonotary") two UCC–3 forms. The first form showed the assignment from Fleet to the SBA, while the second continued the security interest for an additional five years. The Secretary rejected the UCC–3 forms it received. The reason given for the rejec-tion was the use of the wrong form. The Secretary specifically requires an approved Pennsylvania, New York or Texas form. The SBA submitted an official Rhode Island financing statement.

The SBA claims it obtained, completed and mailed UCC forms to the Secretary of the Commonwealth on May 3, 1984. However, on May 15, 1984, the SBA received notice that its UCC–3 forms had been rejected because the original filing had lapsed. After trying to resolve this matter with the Corporation Bureau of the Secretary's Office, the SBA filed a new UCC–1 form on June 8, 1984, which was recorded by the Secretary.

The UCC–3 assignment and continuation statements filed with the Prothonotary of Allegheny County were also rejected and returned to the SBA. The reason given for the rejection was that the filing fee submitted was in excess of the amount required. The SBA resubmitted the forms, and on April 30, 1984, the UCC–3 forms were again rejected, this time because the name of the lending bank on the UCC–3 assignment had changed (i.e., Industrial changed its name to Fleet). The SBA amended the UCC–3 form to show that Fleet had formerly been known as Industrial and mailed it to the Prothonotary on May 3, 1984. The UCC–3 form was rejected a third time because the name of the bank (Fleet) did not match the name of the secured party of record (Industrial). On May 9, 1984, the SBA mailed another assignment to the Prothonotary listing Industrial as the assignor. The UCC–3 assignment and continuation were finally accepted by the Prothonotary on May 14, 1984, six days after their expiration date.

On May 14, 1985, the debtor filed a petition for relief under chapter 11 of Title 11 of the United States Code. At the time of the filing, the debtor had listed the value of its equipment, supplies and machinery at $248,795.

This dispute centers around whether the SBA's security interest has been perfected. The debtor claims that a proper filing was not made with either the Secretary or the Prothonotary. The SBA asserts that er-

rors were made by both of the filing officers in failing to accept the first assignment and continuation statements. The SBA further asserts that since secured parties are not bound by the mistakes of filing officers, its security interests were perfected.

■ According to the UCC, in all non-farming, non-mineral and non-timber cases, filings must be made "in the office of the Secretary of the Commonwealth and, in addition, if the debtor has a place of business in only one county in this Commonwealth, also in the prothonotary of such county." 13 Pa.C.S.A. § 9401(a)(3). In order for a security interest to be perfected when filings are required in the Secretary's office and the Prothonotary's office, the secured party must properly file in both offices. *In re Smith*, 205 F.Supp. 27 (E.D. Pa.1962). Consequently, for the court to find that the SBA has a perfected lien, it must find that the filing officers in both the Prothonotary's office and the Secretary's office were in error in rejecting the SBA's forms.

■ The first issue the court must resolve is whether the Secretary of the Commonwealth acted correctly in rejecting the SBA's application. The filing officer has a right to reject any financing statement that does not substantially comply with the UCC's formal requirements. *Id.* However, "[t]he Code does not give the clerk the discretion to inspect documents for the formal requirements imposed by the Code; nor is the clerk vested with quasi-judicial authority. The determination of legal sufficiency of documents is better left to the legislature and to the courts." *Matter of Bufkin Bros., Inc.*, 757 F.2d 1573, 1579 (5th Cir.1985). Consequently, if the use of an out-of-state form was a *substantial* violation of the UCC, the Secretary properly rejected the SBA's form.

Despite the debtor's claim to the contrary, the SBA's use of a Rhode Island form is not a substantial violation of the UCC. 13 Pa.C.S.A. § 9402(a) provides the elements necessary for a financing statement to be sufficient. That section specifically states:

(a) General Rule.—A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.

13 Pa.C.S.A. § 9402(a). The form submitted by the SBA meets all of the requirements of section 9402(a). In fact, the Rhode Island form is virtually identical to that of the Pennsylvania form. The only differences are the words "Approved by Secretary of Commonwealth of Pennsylvania," a difference in layout, and a minute difference in size. Otherwise, the forms are identical. The requirements of section 9402(a) are clearly met by the use of the Rhode Island form, just as they are by the use of a Pennsylvania form.

The debtor asserts that a filing officer has a right to reject UCC filings that do not comply with statutory or regulatory requirements. However, the UCC calls for a liberal filing system, free from hyper-technical requirements. The suggestion that a virtually identical form to that officially recognized by this Commonwealth should be rejected simply because that form is from another state is hyper-technical.

The debtor also argues that 71 P.S. § 803.3(8) requires us to find that the SBA's security interest is unperfected. That section states that "[a]ll filings under the Uniform Commercial Code shall be made on standard forms approved by the Secretary of the Commonwealth." We find that section inapposite to the case at bar. Obviously, that section does not appear in the UCC and is in fact inconsistent with the Pennsylvania UCC and the cases interpreting it. "The policy underlying the law of secured transactions clearly is that form is not to be exalted over substance." *Matter of Bufkin Bros., Inc.*, 757 F.2d at 1577. The Rhode Island form complies with the Pennsylvania Code requirements in substance.

Additionally, "the filing sections under the Code represent a system of 'notice filing.'" *Id.* Since the form submitted by the SBA contained the requisite information as mandated by section 9402(a), and since the form was in substance the same form as used in Pennsylvania, the form would have provided the necessary notice to subsequent creditors. The SBA's Rhode Island form was in substantial compliance with the Pennsylvania UCC. requirements to provide notice, and the Secretary had no right to reject that form. Consequently, the SBA's lien is properly perfected in the office of the Secretary of the Commonwealth.

▮ The next issue the court must consider is whether the Prothonotary of Allegheny County correctly rejected the SBA's form. The Prothonotary returned the SBA's UCC–3 forms on three different occasions. The first time the Prothonotary rejected the UCC–3 form was because the SBA submitted a filing fee in excess of the amount required. The Prothonotary should not have rejected that application. The amount required for filing was paid. No deficiency existed. The only problem with the amount tendered was that it was more than that required by Pennsylvania law. Because the Prothonotary received the amount it was required to receive, it should have accepted the SBA's financing statement the first time the form was submitted. Consequently, the SBA's lien was perfected in the Prothonotary's office shortly after April 12, 1984, almost a month before that security interest was to have lapsed. Additionally, the Prothonotary should have accepted the SBA's forms the second and third times they were submitted.

▮ When the SBA presented the forms for filing the second time, the Prothonotary rejected them because the name of the lending bank had changed. The Prothonotary rejected the forms a third time because the name of the bank did not match the name of the secured party. Both of these rejections were also improper. Decisions on cases with name discrepancies should be decided on "whether a reasonable searcher would find the financing statement or be put on reasonable notice to inquire elsewhere about it." *In re McGovern Auto Specialty, Inc.,* 51 B.R. 511, 513 (Bkrtcy.E.D.Pa.1985). Thus, the Prothonotary should not have rejected the form unless a reasonable searcher could not have found the financing statement.

In the instant case, the reasonable searcher would have been able to locate the financing statement since "[t]he filing officer indexes the statements according to the name of the *debtor* given to him in the statement." *In re Platt,* 257 F.Supp. 478, 482 (E.D.Pa.1966). Because the name of the debtor was correctly given, a reasonable searcher would have been put on notice that a lien existed against the described property, even though the name of the secured party was different from that on the original financing statement. Consequently, the Prothonotary also should have accepted the second continuation that it received on April 30, 1984, and the third continuation that it received shortly after May 3, 1984. All three of the continuation statements rejected by the Prothonotary, if accepted as they should have been, would have effectively continued the SBA's secured interest.

Because both the Secretary of the Commonwealth as well as the Prothonotary of Allegheny County acted improperly in rejecting the SBA's UCC–3 forms, the SBA maintains a perfected security interest in the described property of the debtor. By properly presenting its forms for filing, the SBA did all that it could to continue its perfected interests. The rejections of those forms were improper, and since "a mistake by a clerk ... does not effect the perfection of the creditor's security interest where the financial statement presented was proper," the SBA effectively continued its security interest. *J. White and R. Summers, Handbook of Law Under the Uniform Commercial Code,* Sections 13–15 at p. 951 (2nd Ed.1980). Correspondingly, the SBA maintains its superior interest over Equibank and Stanley R. Gumberg.

It is important to remember that this was a continuation statement. The junior

priority creditors, Equibank and Gumberg, are not bona fide purchasers. They had knowledge of the SBA claim.

An appropriate order is attached.

## ORDER OF COURT

AND NOW, this 25th day of August, 1988, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the debtor's objection to the secured claim of the United States Small Business Administration is DENIED.

IT IS FURTHER ORDERED THAT THE United States Small Business Administration's Motion for Summary Judgment is GRANTED and the debtor's Motion for Summary Judgment is DENIED.