**William H. GRABSCHEID, Trustee, Plaintiff,**

v.

**CALVERT SALES, INC., Defendant.**

**No. 92–CV–40528–FL.**

United States District Court, E.D. Michigan, S.D.

July 7, 1993.

Robert S. Hertzberg, Marc A. Goldman, Mark L. Kowalsky, Hertz, Schram & Saretsky, Bloomfield Hills, MI, for plaintiff.

William H. Crabtree, Joseph J. Fabrizio, Fabrizio & Watson, P.C., Bloomfield Hills, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is an appeal from the Bankruptcy Court's grant of summary judgment in favor of appellee William H. Grabscheid ("appellee") in an adversary proceeding filed by appellee against appellant Calvert Sales, Inc. ("appellant"). United States Bankruptcy Judge Arthur J. Spector ruled below that appellant's financing statements, presented to the Michigan Secretary of State's office absent the required federal tax identification number, were not in substantial compliance with the requirements of M.C.L. § 440.9403, 150 B.R. 413 (Bankr.E.D.Mich.1992). As a result, the financing statements were not properly filed as required to perfect appellant's security interest in the property at issue. For the reasons stated below, the Bankruptcy Court's decision is AFFIRMED and this appeal is DISMISSED.

The facts critical to disposition of this appeal are not in dispute. On October 19, 1990, C.J. Rogers, Inc. ("debtor") purchased equipment from appellant pursuant to an installment sales/loan agreement whereby appellant retained a security interest in the equipment. The debtor executed two financing statements describing the equipment. On October 26, 1990, appellant mailed the financing statements to the Michigan Secretary of State's Uniform Commercial Code ("U.C.C.") Section for filing. Because the financing statements did not contain the debtor's tax identification number, the Secretary of State refused to file them. Although appellee asserts that the Secretary mailed the forms back to appellant for proper filing, appellant claims never to have received either the returned, unaccepted forms or a time-stamped copy of the accepted statements. Appellant claims that upon being billed by the Secretary of State appellant paid a filing fee for filing the financing statements in question. Appellant argues that because the financing statements were presented to the Secretary of State and payment of a filing fee was tendered, the financing statements have met the requirements of M.C.L. § 440.9403(1) and must be considered "filed" for purposes of perfecting appellant's security interest in the equipment. The Bankruptcy Court ruled, however, that the presentation for filing of a financing statement that does not satisfy the requirements of M.C.L. § 440.9402 cannot be "filed" by presentation to the Secretary of State, even accompanied by the tender of a fee. The Court agrees.

The issue on appeal is whether appellant's security interest in the equipment was perfected. That issue depends upon whether appellant "filed" financing statements with the Secretary of State as required by M.C.L. § 440.9403(1). M.C.L. § 440.9403 provides in relevant part:

(1) *Presentation for filing of a financing statement and tender of the filing fee* or acceptance of the statement by the filing officer constitutes filing under this article.

M.C.L. § 440.9403(1) (emphasis added). Appellant does not assert that the financing statements were accepted by the Secretary of State and actually filed. Rather, appellant argues that, applying the plain language of the statute, the financing statements were presented to the Secretary for filing (via first class mail) and the filing fee was billed by the Secretary and even paid by appellant.[1] If this were the case, and if the financing statements were in conformance with M.C.L. § 440.9402, then the financing statements would be considered "filed," as defined by the statute, and appellant's security interest would have been perfected.

The Bankruptcy Court, however, held that the statement presented for filing must meet certain minimal requirements in order to constitute a "financing statement" as contemplated by M.C.L. § 440.9403(1). *See In re Smith*, 205 F.Supp. 27, 29 (E.D.Pa.1962) (U.C.C. section 9–403(1) contemplates "presentation for filing of a financing statement which substantially complies with the Code's formal requirements for financing statements, and one which the filing officer would, therefore, be duty-bound to accept"). If the document presented is not a "financing statement," then presentation of it cannot constitute a § 440.9403(1) "filing" and will not act to perfect the security interest in the subject collateral.

The requirements of a financing statement are defined by M.C.L. § 440.9402:

(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, in printed or typewrit-

ten form, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types or describing the items of collateral....

\* \* \* \* \* \*

(13) Beginning April 1, 1990 all original filings of a security agreement or a financing statement tendered to the secretary of state *shall contain* the tax identification number of each debtor....

(14) If an original filing of a security agreement or a financing statement fails to contain the tax identification number of each debtor and is not exempted under subsection (13), the secretary of state *shall not accept it for filing* and shall return it to the secured party or other person who submitted it. If the records of the secretary of state indicate that a debtor's tax identification number contained on a financing statement received for filing is or may be incorrect, the secretary of state shall nevertheless accept and file the financing statement. The secretary of state may request the secured party or other person who submitted the financing statement to file an amendment to the statement giving the debtor's correct tax identification number....

(15) Not withstanding subsections (13) and (14), *if the secretary of state files a financing statement that does not contain,* or that incorrectly states, *the debtor's tax identification number* and if the financing statement otherwise complies with applicable requirements, the financing statement shall be considered sufficient, valid, and effective.

M.C.L. § 440.9402 (emphasis added).

Clearly, appellant did not satisfy all the requirements of M.C.L. § 440.9402. Sub-

---

**1.** The parties dispute whether a filing fee was actually tendered for the filing of the two financing statements in question. Appellant claims that it was billed, and paid the required fee, for filing of the statements. Appellee argues that, although appellant was billed for and did pay a filing fee for other financing statements properly filed in the same month as the financing statements in question, appellant was not billed for the filing of these particular two

financing statements. Based upon the record before the Court, an answer to this question is not readily apparent. Nevertheless, the decision by the bankruptcy court, and the issue to be decided here, is not dependent upon resolution of this dispute of fact. The bankruptcy court's ruling would not be affected even if appellant did pay the filing fee and, therefore, this issue is irrelevant to the Court's disposition of this appeal.

section (13) requires that a financing statement "shall contain the tax identification number of each debtor." Appellant concedes that the financing statements at issue did not contain the required tax identification number and are not exempted under the provisions of subsection (13). Subsection (14) directs that the Secretary of State "shall not accept" for filing a financing statement lacking the debtor's tax identification number. Thus, one can infer that a financing statement that is presented for filing without a tax identification number is deficient. Although subsection (15) operates to validate an otherwise sufficient financing statement that fails to include the debtor's tax identification number *where the Secretary of State has improperly filed the document,* the subsection does not abrogate the requirement that a financing statement must contain the debtor's tax identification number before it may be accepted for filing.

Appellant argues that its failure to provide the debtor's tax identification number does not render the financing statements unacceptable for filing, and that appellant cannot be held responsible for the Secretary's failure to perform his duty of returning the rejected financing statements to appellant. Because of the Secretary's failure, argues appellant, it was assumed that the financing statements had been accepted for filing, thus leading to appellant's failure to correct the deficiencies of the statements.

In making its first argument, appellant asserts that the amendments to M.C.L. § 440.9402, adding subsections (13), (14), and (15), were not substantive, but procedural. Appellant argues that these amendments were meant to assist the Secretary in implementing an automated index for its U.C.C. records and not to be a substantive requirement of sufficiency of a financing statement. That is why, pursuant to appellant's reasoning, subsection (15) of M.C.L. § 440.9402 provides that a financing state-

ment improperly filed by the Secretary for failure to contain the debtor's tax identification number is, nonetheless, "sufficient, valid, and effective" if it otherwise complies with applicable requirements. M.C.L. § 440.9402(15). Thus, argues appellant, the debtor's tax identification number cannot be a substantive and necessary requirement in determining the sufficiency of a financing statement. Since a financing statement may be filed even absent the tax identification number, presentation of such a statement must satisfy the requirement of M.C.L. § 440.9403(1) and, in conjunction with all other requirements, must constitute a valid "filing," sufficient to achieve perfection of the subject security interest.

The Court recognizes the merit of appellant's argument, but finds Judge Spector's reasoning to be more compelling. Whether the requirement of inclusion of the debtor's tax identification number is labeled a substantive or procedural requirement is irrelevant. The tax identification number is required by statute, and the Secretary of State has been directed not to accept a financing statement failing to meet this requirement. The Secretary did not file the financing statement in this case due to its deficiency. Thus, presentation of such a statement cannot act to perfect a security interest.[2]

M.C.L. § 440.9402(14) directs the Secretary to reject for filing any financing statement that fails to contain the required identification number. As appellant notes, the reason this requirement was made non-discretionary is to facilitate U.C.C. indexing by tax identification number or social security number. A financing statement which does not contain such a number would make it impossible to search in an automated filing system based upon this very form of identification. Subsection (15) does not make inclusion of the tax identification number optional; rather, it merely provides for the foreseeable situation that the Secre-

---

**2.** As Judge Spector concluded: "If the document is *properly* rejected, it is not filed; if it is actually filed or improperly rejected, it is filed. In the case at bench, the financing statements did not include a mandatory term. As the financing statements were properly rejected, they were not 'filed' under § 9403(1), and Calvert therefore cannot claim to possess a *perfected* security interest." 150 B.R. 413 (Bankr.E.D.Mich.1992).

tary will improperly accept and file a financing statement that is deficient in this one respect. This does not, however, display a legislative intent to make optional the requirement made mandatory in the preceding two subsections.

Likewise, with regard to appellant's second argument, subsections (14) and (15) do not shift the burden of ensuring that a financing statement presented for filing meets the requirements of M.C.L. § 440.-9402, including subsection (13), to the Secretary. Section 440.9403(1) requires presentation of a *properly executed* financing statement for filing. That the Secretary of State's Office failed to return the rejected financing statements to appellant does not alter the fact that the financing statements presented for filing were deficient. Even if the Secretary billed and received payment for filing these two financing statements, it does not excuse appellant's failure to present properly executed statements or to insure that they had been accepted for filing.[3] Whether or not the Secretary returned the statements, appellant's security interests were not perfected.

Central to disposition of this matter is the notion that the very purpose of requiring the filing of a financing statement in order to perfect a security interest is to provide notice of that security interest to all potential creditors. Appellant's financing statement having been rejected for filing, there is no notice to creditors available through the Secretary of State's office. Thus, subsequent creditors could not ascertain the existence of any liens on the subject property. Filing is the vehicle for conveying notice. If a financing statement is not suitable for filing, and thus not accepted, notice has not been given. In the pres-

ent action, appellant presented a deficient financing statement for filing, which was rejected by the Secretary of State. Even if the Secretary erred in not returning the financing statement to appellant, that does not cure the lack of notice provided to all subsequent creditors. As between those creditors and appellant, policy counsels that appellant is the more at fault. Thus, the Court's ruling is consistent with the concept of the necessity of providing notice. *See* 150 B.R. 413, 414–415 A.P. No. 92–2170 at 4–6 (discussion of notice policy behind U.C.C. filing requirement).

Accordingly, the Court holds that a financing statement that fails to contain the debtor's tax identification number is properly rejected by the Secretary of State and presentation of such a financing statement does not satisfy the requirement of M.C.L. § 440.9403(1). The Bankruptcy Court's judgment is AFFIRMED and this appeal is DISMISSED.

SO ORDERED.

---

**3.** These requirements cannot be waived merely because appellant believed that the statements were filed due to their alleged payment of a filing fee. Although the Court easily can see why appellant might have relied upon such billing and payment of a fee as indicative that the financing statements had been filed, appellant nevertheless has the burden of presenting a proper financing statement.

Because appellant's financing statement was not properly executed, and in fact was patently deficient, it is irrelevant whether tender of a filing fee was made by appellant or whether the Secretary returned the rejected statements to

appellant. Appellant's reliance upon the Secretary's duty to return the rejected statements is misplaced. Although it is true that "the secured party does not bear the risk that the filing officer will not properly perform his duties," *In re Skinner,* 1977 WL 25582, 22 U.C.C. Rep.Serv. (Callaghan) 1286, 1292 (Bankr.W.D.Mich.1977), the filing officer in this case did not fail to file, or misfile, a properly executed and proffered financing statement. To the contrary, appellant's financing statements were properly rejected. Whether or not the Secretary returned the deficient statements does not alter the fact that they were not properly executed.