In re C.J. ROGERS, INC., Debtor.

William H. GRABSCHEID, Trustee, Plaintiff–Appellee,

v.

CALVERT SALES, INC., Defendant–Appellant.

No. 93–2128.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 13, 1994.

Decided Nov. 9, 1994.

Robert S. Hertzberg, Hertz, Schram & Saretzky, and Marc A. Goldman and Mark L. Kowalsky (argued and briefed), Bloomfield Hills, MI, for plaintiff-appellee.

William H. Crabtree (argued and briefed), and Joseph J. Fabrizio, Fabrizio & Watson, Bloomfield Hills, MI, for defendant-appellant.

Before: MILBURN, RYAN and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

This is an appeal from an order of the district court which upheld, on appeal, the bankruptcy court's order granting summary judgment in favor of a trustee in bankruptcy and against a secured creditor. The courts below held that the creditor had failed to perfect its security interest under Michigan statutes dealing with financing statements. The opinion of the bankruptcy court is published as *Grabscheid v. Calvert Sales, Inc. (In re C.J. Rogers, Inc.)*, 150 B.R. 413 (Bankr.E.D.Mich.1992), and the opinion of the district court is reported as *Grabscheid v. Calvert Sales, Inc.*, 157 B.R. 600 (E.D.Mich. 1993).

The district court succinctly stated the circumstances underlying this appeal:

On October 19, 1990, C.J. Rogers, Inc. ("debtor") purchased equipment from appellant [creditor] pursuant to an installment sales/loan agreement whereby appellant retained a security interest in the equipment. The debtor executed two financing statements describing the equipment. On October 26, 1990, appellant mailed the financing statements to the Michigan Secretary of State's Uniform Commercial Code ("U.C.C.") Section for filing. Because the financing statements did not contain the debtor's tax identifica-

tion number, the Secretary of State refused to file them. Although appellee [trustee] asserts that the Secretary mailed the forms back to appellant for proper filing, appellant claims never to have received either the returned, unaccepted forms or a time-stamped copy of the accepted statements. Appellant claims that upon being billed by the Secretary of State appellant paid a filing fee for filing the financing statements in question. Appellant argues that because the financing statements were presented to the Secretary of State and payment of a filing fee was tendered, the financing statements have met the requirements of M.C.L. § 440.9403(1) and must be considered "filed" for purposes of perfecting appellant's security interest in the equipment. The Bankruptcy Court ruled, however, that the presentation for filing of a financing statement that does not satisfy the requirements of M.C.L. § 440.9402 cannot be "filed" by presentation to the Secretary of State, even accompanied by the tender of a fee.

*Id.* at 601.

The issue before both courts was whether the creditor had perfected its security interest, and both determined that it had not, after parsing the relevant Michigan statute:

(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, in printed or typewritten form, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types or describing the items of collateral. . . .

. . . .

(13) Beginning April 1, 1990 all original filings of a security agreement or a financing statement tendered to the secretary of state shall contain the tax identification number of each debtor. . . .

(14) If an original filing of a security agreement or a financing statement fails to contain the tax identification number of each debtor and is not exempted under subsection (13), the secretary of state shall not accept it for filing and shall return it to the secured party or other person who submitted it. If the records of the secretary of state indicate that a debtor's tax identification number contained on a financing statement received for filing is or may be incorrect, the secretary of state shall nevertheless accept and file the financing statement. The secretary of state may request the secured party or other person who submitted the financing statement to file an amendment to the statement giving the debtor's correct tax identification number. . . .

(15) Notwithstanding subsections (13) and (14), if the secretary of state files a financing statement that does not contain, or that incorrectly states, the debtor's tax identification number and if the financing statement otherwise complies with applicable requirements, the financing statement shall be considered sufficient, valid, and effective.

Mich. Comp. Laws § 440.9402.

Because we agree with the reasoning employed by the courts below, the issuance of a full written opinion would be duplicative and serve no useful purpose. Accordingly, the order of the district court is **affirmed** upon the reasoning set out in the opinions of the bankruptcy and district courts, cited above.