The Honorable Ron Thornburgh Secretary of State State Capitol, 2nd Floor Topeka, Kansas 66612
Dear Secretary of State Thornburgh:
You request our opinion regarding the duties of a filing officer pursuant to the uniform commercial code provisions on secured transactions, K.S.A. 84-9-101 et seq. Specifically, you ask whether a filing officer may refuse to file a financing statement which does not include the social security number (SSN) or the federal employer identification number (FEIN) of the debtor. You also ask whether, in those instances in which such filings have been accepted, such filings must now be rescinded. You raise these issues because your office recently received as part of a filing a financial statement which did not include the SSN or FEIN of a debtor. The debtor apparently is a citizen of Germany and does not have a SSN or FEIN.
Among the underlying purposes and policies for adoption of the uniform commercial code (UCC) are the simplification, clarification, and modernization of the laws governing commercial transactions. U.C.C. sec. 1-102; K.S.A. 84-1-102. The purpose behind the filing provisions of the UCC is to provide notice to subsequent creditors in a manner which will give such creditors confidence that they are aware of any prior security interests in the collateral that may be superior to their own interest. In reGriffin, 141 B.R. 207, 213 (Bankr.D.Kan. 1992); Pearson v.Salina Coffee House, Inc., 831 F.2d 1531, 1536 (10th Cir. 1987). The filing sections under the UCC represent a system of "notice filing" that serves only to warn subsequent creditors that a secured party may have a security interest in the collateral described and that further inquiry from the parties concerned will be necessary to disclose the complete state of affairs. Matter ofBufkin Bros., Inc., 757 F.2d 1573, 1577 (5th Cir. 1985); U.C.C. sec. 9-402, Official Comment 2. See also K.S.A. 84-9-402, Kansas Comment 1. [The 1983 Kansas comments follow the official comments in each section of the Kansas codification of the UCC. The Kansas courts frequently look to these comments for guidance when interpreting provisions of the code. Pearson, 831 F.2d at 1533, n. 3.]
The requirements for a filing in order to perfect a security interest are set forth in K.S.A. 84-9-401 through 84-9-413. K.S.A. 1994 Supp. 84-9-401 establishes the place to file in order to perfect a security interest. K.S.A. 1994 Supp. 84-9-402, as amended by L. 1995, ch. 11, sec. 1, provides the formal requisites of a financing statement. Pursuant to K.S.A. 1994 Supp. 84-9-403, presentation for filing of a financing statement and tender of the filing fee to the filing officer constitutes filing. Upon receipt of a financing statement, the filing officer is required to mark each statement with a file number and the date and hour of the filing, to index the statements according to the names of the debtors, and to note in the index the file number, the address of the debtor given in the statement, the date of the filing, and a general description of the collateral. K.S.A. 1994 Supp.84-9-403.
The duties of a filing officer under the UCC are ministerial only.In re Kann, 6 U.C.C. Rep. Serv. (Callaghan) 622, 631 (Bankr.E.D.Pa. 1969); In re Brawn, 6 U.C.C. Rep. Serv. (Callaghan) 1031, 1035 (Bankr.D.Me. 1969); Attorney General Opinion No. 75-347. While the filing officer has a right to reject any financing statement that does not substantially comply with the UCC's formal requirements, the UCC does not give the filing officer the discretion to inspect documents for the formal requirements imposed by the UCC, nor is the filing officer vested with quasi-judicial authority. In re Graphics Plus Associates, Inc.,94 B.R. 68, 70 (Bankr.W.D.Pa. 1988). Responsibility for the sufficiency of the financing statement filed and for errors therein is that of the secured party. In re Brawn, 6 U.C.C. Rep. Serv. at 1036, n. 7. The determination of legal sufficiency of documents is better left to the legislature and to the courts.Matter of Bufkin Bros., Inc., 757 F.2d at 1579; In re GraphicsPlus Associates, Inc., 94 B.R. at 70.
As noted previously, K.S.A. 1994 Supp. 84-9-402, as amended, establishes the formal requisites of a financing statement. Pursuant to statutory provisions added in 1993, see L. 1993, ch. 96, sec. 1, a financing statement "shall contain the social security number (SSN) or the federal employer identification number (FEIN) of the debtor. . . ." K.S.A. 1994 Supp.84-9-402(1), as amended. Likewise, "[a] copy of the security agreement is sufficient as a financing statement if it . . . is signed by the debtor and contains the social security number (SSN) or the federal employer identification number (FEIN) of the debtor. . . ." Id. Pursuant to K.S.A. 1994 Supp. 84-9-407(2), "[i]f the filing officer is the secretary of state, the social security number (SSN) or the federal employer identification number (FEIN) of the debtor may be used to determine whether there is on file any such financing statement and any related statement but a search of filings for any such number shall be considered a separate search for which an additional fee shall be charged pursuant to this subsection."
In Grabscheid v. Calvert Sales, Inc., 157 B.R. 600 (E.D.Mich. 1993), aff'd, In re C.J. Rodgers, Inc., 39 F.3d 669 (6th Cir. 1994), the refusal of the Michigan secretary of state to file a financing statement which lacked the debtor's tax identification number and its subsequent effect on the filing was reviewed. Pursuant to subsection (13) of M.C.L. sec. 440.9403, financing statements filed beginning April 1, 1990, were required to include the tax identification number of each debtor. Subsection (14) of M.C.L. sec. 440.9403 stated "[i]f an original filing of a security agreement or a financing statement fails to contain the tax identification number of each debtor and is not exempted under subsection (13), the secretary of state shall not accept it forfiling and shall return it to the secured party or other person who submitted it." (Emphasis added.) The court determined that based on the language of the statute, the inclusion of the debtor's tax identification number was non-discretionary.Grabscheid v. Calvert Sales, Inc., 157 B.R. at 603. Therefore, a financing statement that failed to contain the debtor's tax identification number was properly rejected by the secretary of state and presentation of such a financing statement did not satisfy the filing requirements of M.C.L. sec. 440.9403.Grabscheid v. Calvert Sales, Inc., 157 B.R. at 604.
Unlike the statutory provisions in Michigan, the Kansas statutes do not include a provision prohibiting the filing officer from accepting a financial statement that does not include the SSN or FEIN of the debtor. While K.S.A. 1994 Supp. 84-9-402, as amended, states that a financing statement "shall contain the social security number (SSN) or the federal employer identification number (FEIN) of the debtor," the use of the term "shall" is not dispositive as to whether the provision is mandatory or directory.
 "`Whether language in a statute is mandatory or directory is to be determined on a case-by-case basis and the criterion as to whether a requirement is mandatory or directory is whether compliance with such requirement is essential to preserve the rights of the parties. Griffin v. Rogers, 232 Kan. 168, 174, 653 P.2d 463 (1982). In determining whether a legislative provision is mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of the parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system, and dispatch of the public business, the provision is directory. Factors which would indicate that the provisions of a statute or ordinance are mandatory are: (1) the presence of negative words requiring that an act shall be done in no other manner or at no other time than that designated, or (2) a provision for a penalty or other consequence of noncompliance. Paul v. City of Manhattan, 212 Kan. 381, Syl. para. 1, 2, 511 P.2d 244 (1973).' State v. Deavers, 252 Kan. 149, 167, 843 P.2d 695 (1992), cert. denied 125 L.Ed.2d 676 (1993)." State v. Porting, 20 Kan. App. 2d 869, 871 (1995).
See also Sunflower Racing, Inc. v. Board of Wyandotte CountyCommissioners, 256 Kan. 426, 435 (1994). Kansas courts have read "shall" to mean "may" where the context requires. Paul v. City ofManhattan, 212 Kan. 381, 385 (1973); Porting,20 Kan. App. 2d at 871.
The inclusion of the SSN or FEIN is for the purpose of facilitating use of an automated index of UCC filings. However, a search by SSN or FEIN is only one type of search that may be conducted. Pursuant to statutory requirements, the filing officer is required to index the statements according to the names of the debtors. Therefore, the filing officer may continue to perform his obligations to index the financing statements despite the lack of the debtor's SSN or FEIN. Searches regarding previously filed financing statements may continue to be conducted under the debtor's name as well as the debtor's SSN or FEIN. No provision expressly prohibiting the filing officer from accepting statements which lack the debtor's SSN or FEIN has been adopted by the legislature. Under such circumstances, it would appear that inclusion of the SSN or FEIN is directory, and the effect on the security interest of a party due to the lack of a debtor's SSN or FEIN should be left to the court. The filing officer should, upon receipt of a financing statement which fails to provide the SSN or FEIN of the debtor, accept the filing and index the financing statement as required by state statute. Given our determination regarding the acceptance of financing statements which fail to provide the debtor's SSN or FEIN, we need not address your second concern.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm